JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Plaintiff-appellant, Shirley Meadows ("Meadows"), appeals the trial court's decision granting summary judgment in favor of defendant-appellee, Liberty Construction, Inc. ("Liberty"), on her adverse possession claim. Finding no merit to the appeal, we affirm.
 {¶ 3} In May 2001, Meadows commenced the underlying declaratory action, seeking to quiet title to property owned by Liberty, located in Twinsburg. In her complaint, Meadows alleged that she owned the property adjacent to Liberty's parcel and that she had adversely possessed the vacant land for more than thirty years. In February 2002, Liberty moved for summary judgment, claiming that Meadows could not establish an adverse possession claim because she was granted permission to use the property by the former owner, Robert Snyder. In support of its motion, Liberty attached an affidavit by Snyder. Meadows never responded to the summary judgment motion. On January 19, 2005, the trial court granted Liberty's motion for summary judgment, finding that the undisputed evidence demonstrated that Meadows' possession of the subject property was with permission, and therefore not adverse. Meadows subsequently filed a motion for reconsideration on February 3, 2005, which was never ruled on prior to her filing her notice of appeal.
 {¶ 4} In her sole assignment of error, Meadows argues that the trial court should have allowed her to resubmit her brief in opposition to Liberty's motion for summary judgment and reconsider the court's ruling. She claims that she filed an opposition brief, although the docket reflects no such filing.[1] She further contends that, had the trial court accepted her brief in opposition, a genuine issue of material fact would have existed as to whether she had permission to use the property. In essence, Meadows claims that the trial court should have granted her motion for reconsideration.
 {¶ 5} However, it is well-settled that a motion for reconsideration, filed after a final judgment, constitutes a legal nullity. In Pitts v. Ohio Dept. of Transp. (1981),67 Ohio St.2d 378, paragraph one of the syllabus, the Ohio Supreme Court held "the Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." Consequently, "without a specific prescription in the Civil Rules for a motion for reconsideration, it must be considered a nullity." Id. at 380. See, also, Duncan v. CapitolSouth Community Urban Redevelopment Corp., Franklin App. No. 02AP-653, 2003-Ohio-1273. Because Meadows' motion for reconsideration is a legal nullity, any judgment or final order from such motion for reconsideration also would be a nullity. Id. Thus, we cannot say that the trial court erred in not granting a motion which constitutes a legal nullity.
 {¶ 6} In her appeal, Meadows raises no argument as to why the grant of summary judgment was improper. Rather, she focuses solely on the substance of her motion for reconsideration, which we have already determined to be a legal nullity. Thus, we find no merit to her assignment of error. Moreover, we note that the proper avenue for her to have raised any argument regarding the "missing" brief in opposition she claimed was mailed to the court was a Civ.R. 60(B) motion for relief from judgment, and not a motion for reconsideration.
 {¶ 7} Accordingly, the sole assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and Calabrese, JR., J. Concur
[1] Meadows' counsel admitted at oral argument that he never checked the court docket to verify that he filed a brief in opposition.