OPINION
{¶ 1} Appellants, Trumbull Cement Products and Lloyd Lew, appeal the judgment entered by the Trumbull County Court of Common Pleas. The trial court vacated its previously entered summary judgment in favor of appellants.
 {¶ 2} On October 30, 2003, Winifred M. Nicholas ("Nicholas") was at her son's house, which is located on Larchmont Avenue in Warren, Ohio. Larchmont Avenue is a four-lane street with two lanes of southbound traffic and two lanes of northbound traffic. Nicholas' son's driveway is just north of a traffic light on Larchmont Avenue, which is at the entranceway to the Packard Electric plant. Nicholas was attempting to turn left on Larchmont Avenue and proceed north.
 {¶ 3} Lloyd Lew ("Lew") works as a truck driver for Trumbull Cement Products. On the day in question, he was driving a cement truck and was returning to his place of employment from a delivery. He was proceeding southbound on Larchmont Avenue when he was stopped at a red light at the intersection for the Packard Electric driveway. Specifically, his truck was stopped in the rightmost, southbound lane, just north of Nicholas' son's driveway.
 {¶ 4} Lew noticed that Nicholas was attempting to turn out of her son's driveway. He waived her out of the driveway. Nicholas proceeded to turn left in front of Lew's cement truck. Unfortunately, Dr. David Brys was traveling southbound on his motorcycle in the leftmost, southbound lane and collided with Nicholas' van. Dr. Brys sustained serious injuries as a result of the accident.
 {¶ 5} Dr. Brys filed the instant lawsuit against Nicholas, Lew, and Trumbull Cement Products. Debbie Brys, Dr. Brys' wife, was also a plaintiff, asserting a loss of consortium claim. Appellants filed a motion for summary judgment. On March 29, 2005, the trial court granted appellants' motion for summary judgment. On April 4, 2005, appellees, David A. Brys and Debbie Brys, filed a "motion for reconsideration" with the trial court. Appellants filed a motion in opposition to appellees' motion for reconsideration. On April 15, 2005, the trial court issued a "revised judgment entry." Therein, the trial court vacated its March 29, 2005 judgment entry granting appellants' motion for summary judgment.
 {¶ 6} Appellants' filed a timely notice of appeal of the trial court's April 15, 2005 judgment entry. Appellees filed a motion to dismiss this appeal, arguing that there was no final, appealable order. This court denied appellees' motion to dismiss. Specifically, this court noted that while the denial of a motion for summary judgment is generally not a final, appealable order, the trial court's judgment entry effectively vacated a judgment in favor of appellants. Thus, the trial court's judgment entry is a final, appealable order.[1]
 {¶ 7} Appellants raise three assignments of error. Their first assignment of error is:
 {¶ 8} "The trial court erred in both considering plaintiffs-appellees' motion for reconsideration and in sua sponte construing said motion as one for relief from judgment pursuant to Civil Rule 60(B)(5)."
 {¶ 9} The trial court correctly noted that the Ohio Rules of Civil Procedure do not set forth an avenue for motions for reconsideration from final judgments.[2] The trial court sua sponte converted the motion to a motion for relief from judgment under Civ.R. 60(B).
 {¶ 10} Appellants argue that the Pitts v. Dept. ofTransportation case requires motions for reconsideration to be considered a nullity.[3] While the Pitts decision does state that the civil rules do not provide for motions for reconsideration, it clearly notes that there are other avenues for relief from final civil judgments, including Civ.R. 60(B).
 {¶ 11} Appellants cite this court's opinion in Jurasek v.Gould Electronics Inc. in support of their argument.[4] In that case, one of the attorneys sent a letter to the trial court informing the trial court that a certain statute was unconstitutional. The trial court sua sponte issued a new judgment entry in response to the letter.[5] In considering the trial court's second judgment entry a nullity, this court noted that trial courts may only modify or vacate final judgments pursuant to the methods outlined in Civ.R. 50(B), Civ.R. 59, and Civ.R. 60(B).[6]
 {¶ 12} In this matter, unlike the situations in Pitts andJurasek, the trial court converted appellees' motion for reconsideration into a Civ.R. 60(B) motion for relief from judgment. Therefore, the trial court vacated its prior judgment entry pursuant to Civ.R. 60(B), a process approved by Pitts andJurasek.
 {¶ 13} The next question is whether the trial court erred by converting appellees' motion for reconsideration into a Civ.R. 60(B) motion for relief from judgment. In support of their argument that the trial court was prohibited from doing so, appellants cite the Eighth Appellate District's holding inConsolidated Rail Corp. v. Forest Cartage Co.[7] InConsolidated Rail Corp. v. Forest Cartage Co., the trial court entered summary judgment in favor of the defendants. The plaintiff filed a motion for reconsideration, which the trial court treated as a motion for relief from judgment.[8] The trial court granted the relief from judgment. Subsequently, the trial court again entered summary judgment in favor of the defendants, from which the plaintiff filed a notice of appeal. The Eighth District held that the trial court erred by converting the motion for reconsideration into a motion for relief from judgment.[9]
 {¶ 14} However, since the Consolidated Rail Corp. v. ForestCartage Co. decision, several appellate districts, including the Eighth District, have held that a trial court does have the discretion to convert a motion for reconsideration into a Civ.R. 60(B) motion.[10] Further, this court has also adopted this standard.[11] In Fredebaugh Well Drilling, Inc. v. BrowerContracting, the trial court entered summary judgment in favor of the plaintiff. The defendants then filed motion in opposition to the plaintiff's motion for summary judgment.[12] After a considerable delay, the trial court vacated its prior summary judgment, and the plaintiff appealed to this court. This court noted that the plaintiff did not file a formal Civ.R. 60(B) motion. However, this court held "we bear in mind that unchecked obsequiousness to an abstract rule can produce inaccurate and unjust results, the very banes Civ.R. 60(B) seeks to avoid."[13] In holding that the trial court did not err in vacating its order, this court noted that several courts have held that trial courts have discretion to treat motions for reconsideration as Civ.R. 60(B) motions.[14] Also, inHaueter v. Haueter, this court affirmed the judgment of the trial court, which treated a motion for reconsideration as a Civ.R. 60(B) motion.[15]
 {¶ 15} At oral argument, appellants directed this court's attention to the recently decided case of Squires v. LuckeyFarmers, Inc.[16] Following oral argument, this court granted appellants' motion to supplement their brief with theSquires case. In Squires, the Sixth Appellate District held that the trial court erred by construing a motion for reconsideration as a Civ.R. 60(B) motion.[17] The court based its decision, in part, on the holding in Consolidated RailCorp. v. Forest Cartage Co.[18] We decline to followSquires for the same reasons we declined to followConsolidated Rail Corp. v. Forest Cartage Co. Instead, we follow the substantial case law from various appellate districts, including this district and the Eighth District, for the proposition that a trial court may, in certain circumstances, treat a motion for reconsideration as a Civ.R. 60(B) motion.[19]
 {¶ 16} The trial court acted within its discretion by construing appellees' motion for reconsideration as a Civ.R. 60(B) motion.
 {¶ 17} Appellants' first assignment of error is without merit.
 {¶ 18} Appellants' second assignment of error is:
 {¶ 19} "The trial court erred in granting the plaintiffs-appellees relief pursuant to Civil Rule 60(B)(5)."
 {¶ 20} "A reviewing court reviews a trial court's decision on a motion for relief from judgment to determine if the trial court abused its discretion."[20] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[21]
 {¶ 21} Relief from judgment may be granted pursuant to Civ.R. 60(B), which states, in part:
 {¶ 22} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct or an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is not longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 23} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken."[22]
 {¶ 24} In this matter, appellees' motion was filed within a week of the trial court's judgment entry. Thus, it was filed within a reasonable time. The remaining elements of the GTE
test are whether there was a meritorious claim and whether appellees were entitled to relief under a provision of Civ.R. 60(B), in this instance subpart (5). Both of these prongs focus on the underlying motion for summary judgment going to the merits of this action. Thus, we will conduct the following analysis.
 {¶ 25} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[23] In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party.[24]
The standard of review for the granting of a motion for summary judgment is de novo.[25]
 {¶ 26} In Dresher v. Burt, the Supreme Court of Ohio set forth a burden-shifting exercise to occur in a summary judgment determination. Initially, the moving party must point to evidentiary materials to show that there are no genuine issues of material fact and they are entitled to judgment as a matter of law.[26] If the moving party meets this burden, a reciprocal burden is placed on the nonmoving party to show that there is a genuine issue of fact for trial.[27]
 {¶ 27} The fact pattern of the instant case is not unique. In 1963, the Supreme Court of Ohio held:
 {¶ 28} "One who seeks to make a left turn, in the face of traffic coming from the opposite direction, cannot absolve himself from the obligation to proceed with due care by claiming that he depended upon a signal of a motorist going in the opposite direction, who stopped to allow the one making a left turn to pass in front of him."[28]
 {¶ 29} In Van Jura, a truck driver signaled a vehicle to turn in front of him. The turning vehicle collided with a vehicle traveling in the same direction as the stopped truck. The driver of the turning vehicle sought to avoid responsibility for his actions by arguing the signaling truck driver was responsible for the accident.[29] The Supreme Court of Ohio dismissed this argument and held that the turning driver was ultimately responsible for his own actions. However, in dicta, the court further held, "[t]he act of courtesy displayed by the truck driver cannot impose upon him a duty to others rightfully on the highway, nor can it be called an act of negligence on his part, thereby imposing upon him the consequences of a voluntary act."[30]
 {¶ 30} Subsequent to the Van Jura decision, the Sixth Appellate District has followed the Supreme Court of Ohio's holding and held that a "signaling" driver is not liable under these fact patterns.[31] Specifically, relying on the dicta language from Van Jura, the Sixth District held that the "signaling" driver does not owe a duty to the passing motorist.[32]
 {¶ 31} However, the Second Appellate District has held that liability may extend to the "signaling" driver in certain circumstances.[33] The Second District noted that VanJura was decided prior to the adoption of former R.C. 2307.31, which provided for contribution among joint tortfeasers.[34] At the time Van Jura was decided, contribution among tortfeasors was not permitted. However, subsequent to the change of the statute in 1976, contribution among tortfeasors is permitted.[35] R.C. 2307.31 has been repealed, and joint and several liability is currently codified in Ohio as R.C. 2307.22.
 {¶ 32} We agree with the Second District that, under certain circumstances, a signaling driver may act negligently when signaling another driver to cross his path.[36] In Isaacsv. Larkin Elecric Co., the Second District conducted a thorough analysis of case law from other jurisdictions on this issue. The court noted that the minority view on this issue, followed by the Sixth District in Duval v. Mears, is that a "signaling" driver's actions are merely yielding the right-of-way to the turning driver. Therefore, the signaling driver's liability terminates when the turning driver enters another lane.[37]
The majority view is that the signaling driver, in certain circumstances, may be liable under the theory that his gratuitous act equaled an assumption of a duty. The signaling driver only assumes the duty if his signal is reasonably viewed as an "all clear" indication to the turning driver.[38]
 {¶ 33} On June 16, 2006, appellants filed the case of Denolfv. New as supplemental authority.[39] Without a detailed analysis, the Court of Claims cites the Duval v. Mears decision in its decision to grant summary judgment in favor of the third-party defendant.[40] For the following reasons, we decline to follow this holding. First, the facts are distinguishable from this matter. In Denolf v. New, a woman was attempting to turn left. The traffic light was malfunctioning, so the motorists were treating the intersection as a four-way stop. Another motorist motioned to the woman to proceed, and the woman's vehicle was hit by a truck, which did not stop at the intersection.[41] The signaling motorist stated in an affidavit that he signaled to the woman "to acknowledge her presence at the intersection and to indicate that he was yielding to her."[42] There was no evidence that the signaling driver was giving the woman an "all clear" signal. Further, for the reasons set forth above, we have declined to follow the Sixth District's analysis in Duval v. Mears and, instead, adhere to the Second District's analysis on this issue.[43]
 {¶ 34} As set forth long ago in Palsgraf, the risk reasonably to be perceived defines the duty to be obeyed.[44] If a driver of an automobile gives an "all clear" message to another driver indicating to the second driver that the path is clear, there is a risk that the second driver will rely on the signaling driver's indication and proceed. If, in fact, the path is not clear, the likely result is a traffic accident. Thus, a duty to the passing motorist exists.[45]
 {¶ 35} We will now examine the record to determine if a genuine issue of material fact exists on the issue of whether Nicholas relied on Lew's signal as an "all clear" message. We note "[t]he nature of the message that a driver's signal conveyed is usually a question of fact for the trier of fact."[46]
 {¶ 36} Appellants argue that Nicholas did not rely on Lew's signal because she stated in her deposition that she continued to check for traffic as she turned in front of Lew's vehicle. However, she also indicated that her view was obstructed by Lew's cement truck. This statement suggests she relied on Lew's signal as an "all clear" message. Moreover, later in Nicholas' deposition, she stated that she understood Lew's signal to indicate that everything was clear in the leftmost, southbound lane. Further, in Lew's deposition, he stated that he "looked in [his] left-hand lane to make sure the lane was clear. * * * [He] looked back to [his] left mirror because [he] heard something, that's when the motorcycle came."
 {¶ 37} In addition to these specific statements, the overall situation suggests the signal could be interpreted as an "all clear" message. Nicholas' view to her left was blocked by Lew's cement truck and a tractor-trailer stopped behind his truck. Both Lew and Nicholas stated that Lew was very persistent in his signaling, that according to Lew's deposition, he signaled with "four or five" waves. Nicholas stated that Lew was "very insistent on [her] pulling out" and he was not going to give up.
 {¶ 38} Taken together and construed most favorably in appellees' favor, the evidence before the trial court established a genuine issue of material fact on the issue of whether Lew's signal could be perceived as an "all clear" message. Therefore, appellants were not entitled to summary judgment.
 {¶ 39} In its first judgment entry, the trial court incorrectly concluded that there was no evidence suggesting that Lew's signal to Nicholas could be interpreted as an "all clear" signal. The record does contain such evidence. Therefore, the first and second prongs of the GTE test were met, and the trial court did not abuse its discretion by granting relief from the summary judgment entry.
 {¶ 40} Appellants' second assignment of error is without merit.
 {¶ 41} Appellants' third assignment of error is:
 {¶ 42} "The trial court erred in failing to provide defendants-appellants notice that it was sua sponte changing the appellees' `motion for reconsideration' into a Civil Rule 60(B) motion."
 {¶ 43} Appellants claim the trial court erred by not providing them notice that it was construing appellees' motion as a Civ.R. 60(B) motion. We disagree. Appellants cite ConsolidatedRail Corp. v. Forest Cartage Co. in support of their argument.[47] In that case, the other parties had no opportunity, whatsoever, to respond to the motion the trial court construed as a Civ.R. 60(B) motion. Thus, the court held that their due process rights were violated.
 {¶ 44} This court has held that "[c]ivil due process requires notice and an opportunity to be heard."[48] In addition, the individual must be given the "`opportunity to be heard "at a meaningful time and in a meaning manner."'"[49]
 {¶ 45} In this matter, appellants did have an opportunity to respond to appellees' motion. Appellants filed a motion in opposition to appellees' motion for reconsideration. In their motion, appellants argued that the Van Jura decision should apply to this matter and that the summary judgment entry in their favor should remain undisturbed. Their argument went to the second and third prongs of the GTE test. The only element of the test they did not have an opportunity to argue was the timeliness of the motion. However, since the appellees' motion was filed within one week of the trial court's judgment entry, timeliness is not a debatable issue.
 {¶ 46} Appellants were given a meaningful opportunity to be heard. Thus, their due process rights were not violated by the trial court's actions.
 {¶ 47} Appellants' third assignment of error is without merit.
 {¶ 48} The judgment of the trial court is affirmed.
O'Toole, J., concurs.
Grendell, J., dissents.
[1] R.C. 2505.02(B)(3).
[2] Pitts v. Dept. of Transportation (1981),67 Ohio St.2d 378, syllabus.
[3] Id. at 380.
[4] Jurasek v. Gould Electronics, Inc., 11th Dist. No. 2001-L-007, 2002-Ohio-6260.
[5] Id. at ¶ 5.
[6] Id. at ¶ 15, quoting Krumheuer v. Flowers Versagi CourtReporters (Nov. 6, 1997), 8th Dist. No. 72431, 1997 Ohio App. LEXIS 4867, at *2.
[7] Consolidated Rail Corp. v. Forest Cartage Co. (1990),68 Ohio App.3d 333.
[8] Id. at 336-337.
[9] Id.
[10] Pete's Auto Sales v. Conner (Aug. 24, 2000), 8th Dist. No. 77014, 2000 Ohio App. LEXIS 3838, at *9, citing Malloy v.Kraft Gen. Foods, Inc. (June 14, 1999), 7th Dist. Nos. 95 C.A. 241 and 96 C.A. 245, 1999 Ohio App. LEXIS 2834; Scherer v. ATTGlobal Information Solutions Co. (Dec. 4, 1997), 10th Dist. No. 97APE06-782, 1997 Ohio App. LEXIS 5416; Bolle v. Bolle (Feb. 28, 1991), 2d Dist. Nos. 2731, 2737, 2754, 1991 Ohio App. LEXIS 836; Sommerville v. Erie Cty. Commrs. (July 22, 1998), 6th Dist. No. E-876-0, 1998 Ohio App. LEXIS 2918; and Anthony v.Cent. Ohio Transit Auth. (Sept. 29, 1988), 10th Dist. No. 88AP-182, 1988 Ohio App. LEXIS 3964. See, also, Uhrin v.Campbell (Sept. 20, 2001), 7th Dist. No. 00 C.A. 53, 2001 Ohio App. LEXIS 4251, at *7.
[11] Fredebaugh Well Drilling, Inc. v. Brower Contracting,
11th Dist. No. 2004-A-0061, 2005-Ohio-6084.
[12] Id. at ¶ 3-4.
[13] Id. at ¶ 12, citing Moore v. Emmanuel Family TrainingCenter, Inc. (1985), 18 Ohio St.3d 64, 67, fn. 1.
[14] Id. at ¶ 14, fn. 3, citing Ray v. Dickinson, 7th Dist. No. 03-BE-29, 2004-Ohio-3632, at ¶ 23 and Pete's Auto Sales v.Conner, supra.
[15] Haueter v. Haueter (June 23, 2000), 11th Dist. No. 99-G-2234, 2000 Ohio App. LEXIS 2763, at *61-0.
[16] Squires v. Luckey Farmers, Inc., 6th Dist. No. OT-05-019, 2006-Ohio-1640.
[17] Id. at ¶ 12.
[18] Id.
[19] See Fredebaugh Well Drilling, Inc. v. BrowerContracting; Haueter v. Haueter; and Pete's Auto Sales v.Conner, supra.
[20] (Citations omitted.) Bank One, NA v. SKRL Tool and Die,Inc., 11th Dist. No. 2003-L-048, 2004-Ohio-2602, at ¶ 15. See, also, GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, 150.
[21] (Citations omitted.) Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
[22] GTE Automatic Electric v. ARC Industries,47 Ohio St.2d 146, paragraph two of the syllabus.
[23] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[24] Civ.R. 56(C).
[25] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105.
[26] Dresher v. Burt, 75 Ohio St.3d at 293.
[27] Id.
[28] Van Jura v. Row (1963), 175 Ohio St. 41, paragraph one of the syllabus.
[29] Id. at 44-45.
[30] Van Jura v. Row, 175 Ohio St. at 45.
[31] Duval v. Mears (1991), 77 Ohio App.3d 270.
[32] Id. at 274.
[33] Allstate Ins. Co. v. Bailey (Mar. 26, 1992), 2d Dist. No. 91 CA 53, 1992 Ohio App. LEXIS 1605 and Isaacs v. LarkinElec. Co. (Sept. 4, 1998), 2d Dist. No. 16948, 1998 Ohio App. LEXIS 4138.
[34] Allstate Ins. Co. v. Bailey, at *5.
[35] Id.
[36] Isaacs v. Larkin Elec. Co., at *7, citing Allstate Ins.Co. v. Bailey, at *5.
[37] (Citations omitted.) Id. at *10.
[38] Id. at *11.
[39] Denolf v. New, Court of Claims Case No. 2005-08573-PR,2006-Ohio-2550.
[40] Id. at ¶ 13-14, citing Duval v. Mears, supra.
[41] Id. at ¶ 8.
[42] Id. at ¶ 12.
[43] See Isaacs v. Larkin Elec. Co. and Allstate Ins. Co. v.Bailey, supra.
[44] Palsgraf v. Long Island RR. Co. (1928), 248 N.Y. 339.
[45] Isaacs v. Larkin Elec. Co., at *9, citing Allstate Ins.Co. v. Bailey.
[46] Isaacs v. Larkin Elec. Co., at *11, citing Askew v.Zeller (Pa.Super. 1987), 521 A.2d 459, 462.
[47] Consolidated Rail Corp. v. Forest Cartage Co.,68 Ohio App.3d at 338.
[48] Williams v. Williams (Sept. 29, 2000), 11th Dist. No. 99-A-0008, 2000 Ohio App. LEXIS 4554, at *10, citing Goldberg v.Kelly (1970), 397 U.S. 254.
[49] Holz v. Holz (Nov. 16, 2001), 11th Dist. No. 2001-A-0003, 2001 Ohio App. LEXIS 5127, at *7, quoting Mathewsv. Eldridge (1976), 424 U.S. 319, 333, quoting Armstrong v.Manzo (1965), 380 U.S. 545, 552.