{¶ 21} I respectfully dissent from the majority's decision. While I agree that, if the trial court treated the motion for case management schedule as a motion for reconsideration, the trial court should have denied the motion since no mechanism for a motion for reconsideration of a final order exists, I cannot agree that it is clear that the trial court treated the motion for case management schedule as a motion to reconsider.
 {¶ 22} In its motion for case management schedule, appellee argued: "On October 18, 2002, this Court issued a Judgment Entry ruling on the various Summary Judgment Motions filed by the parties. TheScott-Pontzer carriers appealed the Court's findings and the appellate process has just recently concluded. As a result, all of theScott-Pontzer carriers have been dismissed from the case and the only remaining Defendant is Allstate Insurance Company. Accordingly, Allstate Insurance Company respectfully requests that this Honorable Court set a new case management schedule for Plaintiffs and Defendant." Id. at 1.
 {¶ 23} Appellant responded to the appellee's motion for case management schedule, arguing that the October 18, 2002, judgment entry ordering all of the parties to binding arbitration was a final order and requesting that the trial court compel appellee to appoint an arbitrator. Appellee filed a reply motion in which it argued: "Despite explicit language in the Allstate policy that both parties must consent to binding arbitration before arbitration became mandatory, this Court ordered binding arbitration to determine the issues of liability and damages presumably because of the large number of original Defendants and unique issues of law presented. Now the case has been streamlined as only one Defendant remains and the issues in this case are much limited. Accordingly, it is respectfully requested that this court set a case management schedule so that both parties can have adequate time for discovery." Id. at 1-2.
 {¶ 24} On November 22, 2005, the trial court issued the judgment entry in which it granted appellee's motion to set dates, stating: "On October 18, 2002, this Court ruled on various motions for summary judgment with regard to insurance coverage from numerous defendants. As to the insurance coverage of Allstate, this court stated: `As to the Allstate policy that was a personal auto policy of Veneta Lalli, this Court finds that Veneta Lalli has UM/UIM coverage to the limit of One Hundred Thousand Dollars.'. . .Since the arbitration provision in the Allstate policy requires both parties to consent to arbitration prior to it becoming mandatory (and both parties have not done so), this Court is reactivating the case to the docket for resolution of the claim against Allstate." Id.
 {¶ 25} Appellant filed a motion for the court to reconsider its November 22, 2005, entry. She argued that the October 18, 2002, judgment entry which ordered all parties to binding arbitration was never appealed by Allstate, and that Allstate's failure to appeal renders the binding arbitration order final, thus rendering the October 18, 2002, judgment entry res judicata. Appellant argued that the trial court converted appellee's motion for case management schedule into a motion for 60(B) relief. Appellant argued further that a 60(B) motion cannot be used as a substitute for timely appeal, and that Allstate should have appealed the arbitration order.
 {¶ 26} Trial courts have discretion to treat motions for reconsideration as Civ. R. 60(B) motions. Brys v. Trumbull CementProducts, Trumbull App. No. 2005-T-0057, 2006-Ohio-4941, at ¶ ;14. However, the trial court did not explicitly set forth whether it had in fact converted appellee's motion for case management schedule into a Civ. R. 60(B) motion. Indeed, while it is true that a Civ. R. 60(B) motion cannot be used as a substitute for appeal, Civ. R. 60(B) may still have application in the case sub judice. The trial court's October 18, 2002, judgment entry addressed motions for summary judgment filed by both the appellant and numerous insurance carriers. Some of the carriers' policies contained binding arbitration provisions, and others, including Allstate's, did not. Rather than allow for a result in which some carriers were sent to binding arbitration and other carriers were permitted to go to trial, the trial court simply ordered all parties to binding arbitration. However, once the Scott-Pontzer issues were resolved and Allstate was the only remaining insurance company, the reasoning behind the trial court's October 18, 2002, order for the parties to submit to binding arbitration became moot. These circumstances did not exist at the time the October 18, 2002, judgment entry was issued, but rather, only existed after the conclusion of theScott-Pontzer appeals in August of 2005.
 {¶ 27} Civ. R. 60(B) provides for motions to vacate, and states in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: . . .(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.". . . As set forth in Allstate's reply motion to [appellant's] response to motion for case management schedule, the court ordered binding arbitration to determine the issues of liability and damages "presumably because of the large number of original defendants and unique issues of law presented." Once the case became streamlined due to the resolution of the Scott-Pontzer issues, and the policies that contained mandatory arbitration clauses were no longer part of the case, the issues in the case between appellant and Allstate became much more limited. Thus, Civ. R. 60(B)(4) or even some other section of Civ. R. 60(B) may arguably provide a way for accomplishing the end sought by Allstate's motion for case management schedule.
 {¶ 28} The Tenth District Court of Appeals' analysis in Sherer v. AT T Global Information Solutions, Co. (Dec. 4, 1997), Franklin App. No. 97APE06-782, 1997 WL 752616, is instructive: "Had the trial court explicitly converted plaintiffs motion to a Civ. R. 60(B) motion, we would presume regularity in the trial court's proceedings in the absence of a transcript. Because, however, the record does not disclose whether the trial court treated plaintiff's motion as a motion for reconsideration or as a motion to vacate judgment under Civ. R. 60(B), we cannot engage in such an assumption. Instead, we vacate the trial court's May 15, 1997, entry and remand this matter to allow the trial court to consider the plaintiff's motion under the parameters set forth in this opinion. If the trial court deems plaintiff's motion to be a motion for reconsideration then the motion must be denied; however, if the court treats the motion as a Civ. R. 60(B) motion, the court may consider the evidence taken at the hearing, as well as the arguments of counsel, and determine whether the dictates of Civ. R. 60(B) are met in this case." Id. at *2.
 {¶ 29} We are unable to determine from the record whether the trial court treated appellee's motion for case management schedule as a motion to modify/reconsider or as a 60(B) motion to vacate its October 18, 2002, order to arbitrate. Thus, I would vacate the November 22, 2005 and December 21, 2005, judgments of the trial court, and remand this matter back to the trial court in order for the court to consider Allstate's motion for case management schedule under these parameters, and to make clear in the record how it is treating Allstate's motion for case management schedule.
 {¶ 30} In addition, if the trial court treats the motion as a motion to vacate, fairness would indicate that the parties be allowed to brief said issue prior to the court's ruling, both in regard to the legal appropriateness of such treatment and as to whether the pleadings already filed by the parties support said treatment.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.
HON: W. SCOTT GWIN
HON: JULIE A. EDWARDS
HON: JOHN F. BOGGINS