[Cite as *Ventling v. Champion*, 2013-Ohio-5846.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| GARY VENTLING, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-T-0046** |
| CHAMPION TOWNSHIP | : | |
| BOARD OF TRUSTEES, | : | |
| Defendant-Appellee. | | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2012 CV 797.

Judgment: Affirmed.

*Thomas C. Nader,* Nader & Nader, 5000 East Market Street, #33, Warren, OH 44484 (For Plaintiff-Appellant).

*James F. Mathews,* Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, OH 44720 (For Defendant-Appellee).

COLLEEN MARY O'TOOLE, J.

Appellant, Gary Ventling, appeals from the March 29, 2013 judgment of the Trumbull County Court of Common Pleas, granting appellee's, Champion Township Board of Trustees, motion for summary judgment and dismissing appellant's complaint, and from the April 24, 2013 judgment, denying appellant's motion for reconsideration.

In December 2004, appellant purchased a vacant lot from his father for $40,000, located on State Route 45 in Champion Township, Trumbull County, Ohio. Since the

inception of zoning in the township, November 1957, the property has been zoned as R (Residential). Appellant was aware of the R (Residential) designation when he acquired the property. However, appellant later desired to construct a commercial building on the lot. As a result, he sought to amend the zoning designation from R (Residential) to C (Commercial). In July 2009, appellant submitted a request for zone change pursuant to R.C. 519.12.

Later that summer, the Trumbull County Planning Commission recommended that the zoning amendment be approved, with buffer areas and/or fencing and landscaping. However, on September 23, 2009, the Zoning Commission of Champion Township unanimously rejected the recommendation. On November 9, 2009, appellee voted to deny appellant's application for zoning amendment.

Appellant originally filed a complaint against appellee on December 22, 2009, in Case No. 2009 CV 3432. However, that action was later voluntarily dismissed.

Thereafter, on April 5, 2012, in Case No. 2012 CV 797, appellant filed a declaratory judgment action against appellee. Appellant challenged the zoning classification of his property as being "unconstitutional," alleging that it prohibits the use of his property for commercial purposes. Appellee filed an answer the following month.

On February 25, 2013, appellee filed a motion for summary judgment pursuant to Civ.R. 56. Appellant did not file a response or request an extension of time. On March 29, 2013, the trial court granted appellee's motion for summary judgment and dismissed appellant's complaint.

On April 11, 2013, appellant filed a motion for reconsideration and requested leave to file a memorandum instanter. In his motion, appellant sought "reconsideration,"

2

and did not rely on any specific provision of Civ.R. 60(B). Appellee filed an opposition. On April 24, 2013, the trial court overruled appellant's motion for reconsideration holding that it constitutes a legal nullity, as it was filed after the March 29, 2013 final judgment. The trial court sua sponte considered appellant's motion for reconsideration as a motion to vacate, and found that appellant failed to satisfy the *GTE* test, specifically "prongs one and two." *GTE Automatic Elec. Inc. v. ARC Industries, Inc*, 47 Ohio St.2d 146 (1976).

Appellant filed the instant appeal, asserting the following assignment of error for our review:

"The Trial Court abused its discretion in denying the motion by Appellant to vacate the trial court's judgment."

Preliminarily, we note again that appellee filed a motion for summary judgment but appellant never filed a response nor requested an extension of time. The trial court entered final judgment in this case on March 29, 2013, when it granted appellee's motion for summary judgment and dismissed appellant's complaint. Appellant did not subsequently file a Civ.R. 60(B) motion for relief from judgment. Rather, he filed a motion for reconsideration.

The trial court properly determined that appellant's motion for reconsideration is a legal nullity, as it was filed after final judgment. *See Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, paragraph one of the syllabus (1981); *see also Brys v. Trumbull Cement Products*, 11th Dist. Trumbull No. 2005-T-0057, 2006-Ohio-4941, ¶9; *Meadows v. Owner/Liberty Constr., Inc.*, 8th Dist. Cuyahoga No. 85985, 2005-Ohio-4146, ¶5. However, the trial court acted within its discretion by construing appellant's motion for

3

reconsideration as a Civ.R. 60(B) motion. *Brys, supra,* at ¶16. The court concluded that "to any extent that the Plaintiff's Motion is not a legal nullity, the Court finds that the Plaintiff's Motion is not well taken and the same is hereby DENIED."

Thus, because the trial court properly treated appellant's motion for reconsideration as a Civ.R. 60(B) motion, we will review its judgment for an abuse of discretion. *Am. Express Bank, FSB v. Waller*, 11th Dist. Lake No. 2011-L-047, 2012-Ohio-3117, ¶11, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.).

Relief from judgment may be granted pursuant to Civ.R. 60(B), which states, in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment

4

should have prospective application; or (5) any other reason justifying relief from the judgment.  The motion shall be made within a reasonable time, and for reason (1), (2), and (3) not more than one year after the judgment * * *."

Regarding the moving party's obligations for a Civ.R. 60(B) motion, the Ohio Supreme Court has held:

"To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."  *GTE, supra,* paragraph two of the syllabus.

"If any one of the aforementioned requirements is not satisfied, the motion is properly overruled."  *Sokol v. HMDG, LLC,* 11th Dist. Geauga No. 2012-G-3117, 2013-Ohio-3476, ¶13.

In this case, appellant did not present a meritorious defense nor rely on any specific provision of Civ.R. 60(B) in his trial court motion.  However, appellant now argues that he is entitled to relief from judgment under Civ.R. 60(B)(1) and (5).  Appellant's main contention is that he had difficulty in coordinating and obtaining expert witness testimony in order to set forth a defense, even though he initially commenced this matter in 2009.  We find that appellant's failure to respond to appellee's motion for summary judgment, and/or his failure to request an extension of time under Civ.R. 56(F), does not entitle him to relief.

5

"[A] motion to vacate cannot be used as a replacement for following proper procedure under Civ.R. 56." *Tartaglia v. Blank*, 8th Dist. Cuyahoga No. 89365, 2007-Ohio-6993, ¶31. If additional time was needed to obtain affidavits or discovery, appellant could have, but did not, utilize the procedural device under Civ.R. 56(F), which states:

"Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

In support of this court's position, we note that appellant himself points out the following on page seven in his appellate brief:

"'If we were to hold that a party who neglects to respond to a motion for summary judgment is entitled to relief when he files a Civ.R. 60(B) motion, supported by affidavits which should have been filed in opposition to the motion for summary judgment, we would be disemboweling the whole summary judgment procedure. No party would be required to file counter-affidavits under Civ.R. 56 if he could later obtain relief under Civ.R. 60(B) from his omission. Indeed, were a party interested in delaying the final outcome of a case, he would invariably resort to such a tactic.'" *PHH Mtge. Corp. v. Northup*, 4th Dist. Pickaway No. 11CA6, 2011-Ohio-6814, ¶21.

As stated, Civ.R. 60(B)(1) provides relief from judgment for "mistake, inadvertence, surprise or excusable neglect." In this matter, appellant does not dispute receipt of appellee's motion for summary judgment. In addition, appellant admits

6

knowledge of the response deadline. Thus, appellant should not be afforded relief under Civ.R. 60(B)(1), as the facts presented establish that he could have avoided summary judgment.

Appellant further argues that he is entitled to relief from judgment under Civ.R. 60(B)(5). Again, Civ.R. 60(B)(5) provides relief for "any other reason justifying relief from the judgment." The grounds for invoking this "catch-all" provision should be substantial and should not be used as a substitute for any of the other more specific provisions of Civ.R. 60(B). *See Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66 (1983).

Again, appellant alleges that he had difficulty obtaining expert reports. This argument for relief is based on alleged inadvertence or excusable neglect under Civ.R. 60(B)(1). We have already determined that the trial court did not abuse its discretion in not affording appellant relief under Civ.R. 60(B)(1). As this matter has been ongoing since 2009, any purported difficulty in obtaining reports is not a matter of any "extraordinary nature" which would trigger Civ.R. 60(B)(5). Also, appellant has not shown any operative facts different from and/or in addition to those contemplated under Civ.R. 60(B)(1). Thus, Civ.R. 60(B)(5) is inapplicable. *See Technical Servs. Co. v. Trinitech Internatl. Inc.*, 9th Dist. Summit No. 21648, 2004-Ohio-965, ¶17, citing *Dailey v. Associated Estates*, 8th Dist. Cuyahoga No. 77311, 2000 Ohio App. LEXIS 2752, *10 (June 22, 2000).

Upon consideration, we conclude that the trial court did not err in denying appellant's motion for reconsideration of the summary judgment motion (construed as a Civ.R. 60(B) motion) without holding a hearing. *See Blair v. Boye-Doe*, 157 Ohio

App.3d 17, 2004-Ohio-1876, ¶19 (9th Dist.2004), citing *Architectural Interior Products, Inc. v. Freeman Doors, LLC,* 10th Dist. Franklin No. 03AP-265, 2004-Ohio-676, ¶8 (holding that if a movant fails to allege operative facts that justify relief from judgment the trial court is not required to hold an evidentiary hearing.)

For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed. It is ordered that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.