[Cite as *In re R.A.S.*, 2016-Ohio-1359.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

IN THE MATTER OF:  R.A.S.,              :         **O P I N I O N**
ALLEGED DELINQUENT CHILD

                                        :

                                                 **CASE NO. 2015-G-0016**

Appeal from the Geauga County Court of Common Pleas, Juvenile Division, Case No. 14 JD 000290.

Judgment:  Appeal dismissed.

*James R. Flaiz*, Geauga County Prosecutor, and *Katherine A. Jacob*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH  44024 (For Appellant, State of Ohio).

*Michael J. Feldman*, Lallo & Feldman Co., L.P.A., Interstate Square Building I, 4230 State Route 306, Suite #240, Willoughby, OH  44094 (For Appellee, Rebecca A. Spofford).

THOMAS R. WRIGHT, J.

{¶1}    Appellant, the State of Ohio, timely appeals the trial court's April 14, 2015 decision ordering the state and county prosecutor to pay the costs, including costs for the juvenile's pre-adjudication electronic monitoring, associated with a juvenile delinquency complaint that was dismissed pursuant to the state's motion.  Appellant asserts two assigned errors.

{¶2}    While this appeal was pending, the trial court, without jurisdiction, issued a judgment entry vacating the appealed entry.  This court responded by remanding the

case for the limited purpose of providing the trial court with jurisdiction to vacate the appealed entry, should it so decide.

{¶3} While on remand, the trial court vacated its decision assessing costs against the state and prosecutor. Thereafter, we afforded the parties 20 days to show cause as to why this appeal should not be dismissed as moot since both asserted errors concern the trial court's assessment of costs. Neither party responded.

{¶4} The arguments raised on appeal became moot upon the trial court's issuance of its December 17, 2015 judgment entry vacating its April 14, 2015 decision. *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, 928 N.E.2d 728, ¶10; *Wallace v. Nally*, 7th Dist. Columbiana No. 14 CO 32, 2015-Ohio-4146, ¶40. Courts have long exercised judicial restraint in cases that do not present actual controversies. *Tschantz v. Ferguson,* 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991), quoting *Fortner v. Thomas,* 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Miner v. Witt*, 82 Ohio St. 237, 238-239, 92 N.E. 21 (1910). Thus, we voice no opinion on the trial court's asserted authority to assess costs against the state and prosecutor since the issue is moot.

{¶5} For the foregoing reasons, appellant's assignments of error are moot, and the appeal is dismissed.


TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

2