[Cite as *Uber v. Uber*, 2017-Ohio-1205.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| DANA LYN UBER, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2016-T-0037 and 2016-T-0040** |
| LOGAN OTTO UBER, | : | |
| Defendant-Appellant. | : | |

Civil Appeals from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case Nos. 2011 DR 00380 and 2011 JC 00052.

Judgment: Appeals dismissed.

*Terry A. Swauger,* 1129 Niles-Cortland Road, S.E., Warren, OH 44484 (For Plaintiff-Appellee).

*John H. Chaney, III,* Daniel Daniluk, L.L.C., 1129 Niles-Cortland Road, S.E., Warren, OH 44484 (For Defendant-Appellant).

*Jennifer R. Robbins,* 7081 West Boulevard, Youngstown, OH 44512 (Guardian ad Litem).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Logan Otto Uber, appeals from the March 15, 2016 judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, granting appellee's, Dana Lyn Uber, March 11, 2016 motion for reconsideration and remanding

the matter to the magistrate for further consideration. For the reasons that follow, we dismiss this appeal.

{¶2} The parties were married on June 21, 2008. Two children were born as issue of the marriage, L.M.U. (d.o.b. May 19, 2008) and W.J.U. (d.o.b. April 25, 2011).

{¶3} On October 11, 2011, appellee filed a complaint for divorce. A guardian ad litem was appointed for the minor children. On August 28, 2012, an agreed entry for divorce was filed. The marital property and debts were divided and a shared parenting plan was adopted.

{¶4} On July 31, 2014, appellant filed a motion to modify the shared parenting plan and requested a reduction in child support. On October 13, 2015, a hearing commenced before the magistrate. On October 26, 2015, the magistrate issued a decision and recommended granting appellant's motion to modify. The trial court approved and adopted the magistrate's decision that same date.

{¶5} On November 9, 2015, appellee filed objections to the magistrate's decision indicating, inter alia, that:

{¶6} "The magistrate failed to properly consider all relevant and admissible evidence as the magistrate was inattentive to the testimony of [appellee]. The magistrate appeared to be suffering from an illness or other infirmity that prevented him from paying due attention to the testimony offered by the parties and denied [appellee] of her right to a fair hearing." (T.d. 84).

{¶7} On March 7, 2016, the trial court overruled appellee's objections to the magistrate's decision finding that she failed to file a transcript. Appellee did not appeal

that decision. Instead, appellee filed a motion for reconsideration on March 11, 2016, stating in part:

{¶8} "Specifically, the primary objection of [appellee] was a denial of her fundamental due process right to a fair and complete hearing. That right was denied when the magistrate assigned to the case failed to properly adjudicate the motion before the court. The magistrate assigned was not attentive to the proceedings and appeared to be sleeping during the testimony of [appellee]. A transcript of the hearing would not provide any evidence of his sleeping as there is nothing said by the Magistrate during this time.

{¶9} "The court has access to the video and audio recording of the hearing, and such access is not available to [appellee]. This access would afford the court the opportunity to review the denial of due process rights to [appellee] and adjudicate the objections of [appellee].

{¶10} "Based upon the foregoing, and the fact the objection of [appellee] was not based on any fact which would be available in a transcript, [appellee] asks [the trial] court to reconsider her objections to the magistrate's decision." (Emphasis sic.) (T.d. 87).

{¶11} On March 15, 2016, the trial court granted appellee's motion for reconsideration and remanded the matter to the magistrate for further consideration. Appellant filed a timely appeal and asserts the following assignment of error:

{¶12} "The trial court erred, and abused its discretion, in granting Appellee's Motion for Reconsideration, where the March 7, 2016 Judgment Order (Objection to

3

Magistrate's Order) was a final appealable order and the trial court lacked authority under applicable law to reconsider such order."

**{¶13}** Appellant correctly points out that a motion for reconsideration filed after final judgment is a legal nullity. *Ventling v. Champion Twp. Bd. of Trustees*, 11th Dist. Trumbull No. 2013-T-0046, 2013-Ohio-5846, ¶11, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, paragraph one of the syllabus (1981); *Brys v. Trumbull Cement Products*, 11th Dist. Trumbull No. 2005-T-0057, 2006-Ohio-4941, ¶9; *Meadows v. Owner/Liberty Constr., Inc.*, 8th Dist. Cuyahoga No. 85985, 2005-Ohio-4146, ¶5.

**{¶14}** As stated, on March 11, 2016, appellee filed a motion for reconsideration following the trial court's March 7, 2016 judgment overruling her objections to the magistrate's decision. On March 15, 2016, the trial court granted appellee's motion for reconsideration and remanded the matter to the magistrate for further consideration. Appellant timely appealed asserting the trial court lacked authority to reconsider such order.

**{¶15}** Thereafter, this court sua sponte remanded the matter to the trial court to clarify whether it treated appellee's March 11, 2016 motion for reconsideration as a Civ.R. 60(B) motion.[1] *See* Judgment Entry, filed February 10, 2017 (Cannon, J., dissenting with a Dissenting Opinion). In accordance with this court's remand, the trial court filed a judgment entry on February 16, 2017, stating in part:

**{¶16}** "On March 11, 2016, [appellee] filed a Motion for Reconsideration of the Objection to the Magistrate's Decision. The Court did not treat the Motion as a 60(B) Motion and inadvertently ruled on the Motion for Reconsideration, which should have

---

1. *See Ventling, supra,* at ¶11, citing *Brys, supra,* at ¶16 (A trial court acts within its discretion by construing a motion for reconsideration as a Civ.R. 60(B) motion.)

been and is hereby denied, as the Court does not have jurisdiction to reconsider its own final order."[2]

{¶17} We note that appellant's appeal stems from the trial court's original March 15, 2016 judgment *granting* appellee's March 11, 2016 motion for reconsideration. However, pursuant to this court's remand, the trial court changed that earlier judgment and *denied* appellee's motion for reconsideration on February 16, 2017. Accordingly, since the trial court has acknowledged its own error, and has denied appellee's motion for reconsideration, appellant's assignment of error is now moot. *See Chojnacki v. Cordray*, 126 Ohio St.3d 321, 2010-Ohio-3212, ¶6; *In re R.A.S.*, 11th Dist. Geauga No. 2015-G-0016, 2016-Ohio-1359, ¶4-5.

{¶18} Appeals dismissed.

DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.

---

2. The trial court does have the authority, however, to review or modify its order pursuant to the procedures accorded under Civ.R. 60(B). Appellee can file a Civ.R. 60(B) motion, to which appellant may respond, and upon which the trial court may rule.