[Cite as *M&I Bank FSB v. Mild*, 2013-Ohio-5844.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| M&I BANK FSB, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0022** |
| DONALD J. MILD, JR., et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2011 CV 00979.

Judgment: Reversed and remanded.

*Yale R. Levy,* Levy & Associates, L.L.C., 4645 Executive Drive, Columbus, OH 43220 (For Plaintiff-Appellee).

*Jeffrey V. Goodman,* Fowler & Goodman L.P.A., Inc., 119 West Market Street, Warren, OH 44481 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Donald J. Mild, Jr., appeals from the February 14, 2013 judgment entry of the Trumbull County Court of Common Pleas, granting summary judgment in favor of M&I Bank FSB in an action on a credit account. We reverse and remand.

{¶2} May 9, 2011, M&I Bank filed its complaint, alleging that Mr. Mild and Aries Resources, LLC, were in default of payment on a credit account opened in May 2008, in an amount exceeding $70,000, not including interest. June 17, 2011, Mr. Mild and Aries

Resources filed separate answers. M&I Bank moved for summary judgment, which the trial court initially granted, thereafter voiding its judgment entry as inadvertently granted.

{¶3} April 4, 2012, Mr. Mild and Aires Resources filed a memorandum in opposition to the motion for summary judgment. Attached to the memorandum was the affidavit of Mr. Mild, firmly denying he had ever borrowed money from M&I Bank. He further denied ever having signed any note or agreement with M&I.

{¶4} May 3, 2012, the trial court filed a judgment entry denying the motion for summary judgment, noting there were no signed documents attached to the motion indicating that Mr. Mild and Aries Resources had agreed to any credit account or loan.

{¶5} June 11, 2012, M&I Bank filed a supplemental motion for summary judgment. This is supported by the affidavit of Laura Eggie, an agent of M&I Bank. Attached **to** the supplemental motion is a document which includes a section with the heading "Swift Business Line of Credit Agreement Especially for Donald Mild." That agreement contains the following provisions:

{¶6} "General. Where used herein, the terms 'we', 'us' or 'our' refer to Swift Financial and/or M&I Bank FSB and the term 'you' or 'your' refer individually and collectively to each applicant, including the business entity (the 'Company') reflected in your Swift Business Line of Credit Application (the 'Application'). References to 'Loan' refer to the Swift Business Line of credit that you have been approved for, the terms and conditions of which are the subject of this Agreement.

{¶7} "Acceptance. You agree that by writing checks drawn against or activating a card access device linked to your Swift Business Line of Credit or otherwise accessing or accepting Loan proceeds or notifying us of your acceptance, you will have

automatically accepted the terms and conditions of your Loan, including those set forth herein and in the Application, which is incorporated into this Agreement by reference. * * *.

{¶8} "Promise to Pay. You, both individually and on behalf of the Company, jointly and severally promise to pay us, in lawful money of the United States of America, all loans, advances, overdraft transactions, fees, charges, interest, finance charges and all other debts, obligations and liabilities of every kind and description, arising out of all account transactions authorized by you * * * plus any collection costs, including court costs and reasonable attorneys' fees."

{¶9} Also attached to the supplemental motion for summary judgment is a loan application, identifying Aries Resources, LLC as the business subject of the loan, and Donald Mild as its principal. The document appears to be computer generated, and has no signature.

{¶10} Also attached to the supplemental motion for summary judgment are copies of four checks, with "Aries Resources LLC" and "Donald Mild" in the caption as the account holder(s), and further containing the information that the check relates to a "Swift Business Line of Credit," originating with "Swift Financial" and/or "M&I Bank FSB." The checks are purportedly signed by "Donald J. Mild."

{¶11} August 17, 2012, Mr. Mild filed his opposition to the supplemental summary judgment motion. His memorandum relied on his previously filed affidavit.

{¶12} February 14, 2013, the trial court filed its judgment entry granting summary judgment to M&I Bank, against Mr. Mild. This appeal timely ensued, with Mr. Mild assigning a single error: "The trial court erred in granting plaintiff's motion for Summary Judgment." A single issue is presented for review: "Is it reversible error for a trial court to grant summary judgment when the evidence and affidavits before it demonstrate a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law?" Mr. Mild argues that his affidavit, denying he had ever received money from M&I Bank, was sufficient to defeat its supplemental motion for summary judgment.[1]

{¶13} "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.,* 66 Ohio St.3d 64, 66, * * *(1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See e.g.* Civ.R. 56(C).

{¶14} "When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.,* 64 Ohio St.2d 116, 121, * * *(1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg,* 65 Ohio St.3d 356, 359, * * *(1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.,* 11th Dist. No. 2002-A-0061, 2003-Ohio-

---

1. M&I Bank has not filed a brief on appeal.

6682, ¶36. In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-252, * * *(1986). On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, * * *(1996)." (Parallel citations omitted.) *Meloy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶5-6.

**{¶15}** By its supplemental motion for summary judgment, M&I Bank essentially contended that Mr. Mild accepted the loan and guaranteed it by using checks drawing on the loan. Under the terms of the line of credit agreement attached to the motion, this would be sufficient to make him liable. However, there is nothing in the record sufficient under Civ.R. 56 to show that Mr. Mild *did* use any check drawing on the account. There are copies of checks evidently relating to the account, and purportedly bearing his signature, but the affidavit of Ms. Eggie, the agent introducing the documents relied on by M&I Bank, does not affirm that the signatures on the checks are, in fact, those of Mr. Mild. The affidavit merely states that he opened the account, and used it. This is insufficient under Civ.R. 56(C) and (E) for M&I Bank to carry its burden of proving that Mr. Mild accepted or guaranteed any loan, by signing and using the checks.

**{¶16}** The assignment of error has merit.

**{¶17}** The judgment of the Trumbull County Court of Common Pleas is reversed, and this matter is remanded for further proceedings not inconsistent with this opinion.

{¶18} It is the further order of this court that appellee is assessed costs herein taxed.

{¶19} The Court finds there were reasonable grounds for this appeal.


THOMAS R. WRIGHT, J., concurs

TIMOTHY P. CANNON, P.J., concurs in judgment only with a Concurring Opinion.


_____


TIMOTHY P. CANNON, P.J., concurring in judgment only.

{¶20} I concur with the opinion of the majority that summary judgment in this case should not have been granted. However, I arrive at this conclusion for a much more basic reason. The complaint was filed against Donald J. Mild, Jr. In his answer to the complaint, Donald J. Mild, Jr. denies that he owes any money to plaintiff. In addition, Donald J. Mild, Jr. filed an affidavit in opposition to the motion for summary judgment that asserts the following:

> 2. I did not borrow money from plaintiff as alleged in the Complaint. That allegation is patently false.
>
> 3. I do not owe plaintiff money as alleged in the Complaint. That allegation is patently false.
>
> 4. I note that the Complaint filed by plaintiff does not include a contract or note bearing my signature. This is not surprising to me because, as mentioned above, I did not borrow any money from plaintiff.

{¶21} Appellee, in support of its motion for summary judgment attached a document titled, "Swift Line of Credit Agreement *Especially for* Donald Mild." The

6

judgment granted in this case is against "Donald Mild." Nothing in the record indicates whether the Donald J. Mild, Jr. named in the complaint is the same person as the Donald Mild against whom judgment was rendered. Presumably, if there is a Donald J. Mild, Jr., there is also a Donald Mild, Sr.

{¶22} While self-serving affidavits cannot be used to defeat summary judgment when they contradict prior testimony, the affidavit in this case does not appear to be contradicted by any prior statements or testimony of Donald J. Mild, Jr. Therefore, it must be viewed in a light most favorable to the non-moving party. The affidavit does, in fact, create a genuine issue of fact.