[Cite as *Meloy v. Circle K Store*, 2013-Ohio-2837.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| GENEVA MELOY, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2012-P-0158** |
| CIRCLE K STORE, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2011 CV 00305.

Judgment: Reversed and remanded.

*George W. Cochran,* 2016 Sherwood Avenue, Louisville, KY  40205 (For Plaintiffs-Appellants).

*Vincent J. Lodico* and *Robert C. Buchbinder,* Crabbe, Brown & James, LLP, 500 South Front Street, Suite 1200, Columbus, OH  43215 (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellants, Geneva Meloy, et al., appeal from the judgment of the Portage County Court of Common Pleas granting appellee, Circle K Store, summary judgment. At issue is whether there is a genuine issue of material fact on whether the condition which allegedly caused appellant-Geneva Meloy ("Meloy") to trip and fall was open and obvious.  For the reasons discussed in this opinion, we reverse the judgment of the trial court and remand the matter for further proceedings.

{¶2}    Just before 7 a.m., on August 6, 2010, Meloy stopped into appellee's store in Brimfield, Ohio to purchase lottery tickets.  After making the purchase, she exited the store, turned left, and proceeded to walk toward her vehicle.  Displays situated outside the Circle K narrowed the walkway that served as both the ingress and egress to the store.  As Meloy approached a pallet of Morton water-softening salt, she moved toward the display to accommodate other patrons attempting to enter the store.  Meloy felt the fabric of her pants snag on something and, unable to regain her balance, fell to the ground, injuring her knees and shoulder.  According to Meloy, as she passed the pallet, her leg became caught on a sign advertising the price of the salt.  She further claimed she did not notice the sign until after she fell due to its location and size.

{¶3}    With the assistance of two unknown individuals, Meloy returned to her feet and filed an incident report with Robert Wolfe, the store's manager.  After returning home, Meloy sought medical treatment, which revealed she suffered a fracture to her right shoulder and bruises to her knees.

{¶4}    Appellants filed a complaint against appellee alleging negligence.  After completing discovery, appellee moved for summary judgment.  Appellants filed a memorandum in opposition to the motion.  On December 7, 2012, the trial court granted appellee's motion, ruling appellee owed Meloy no duty of care because the condition at issue was open and obvious.  This appeal follows.

{¶5}    Appellants assign six errors for this court's review.  Each assigned error contests the trial court's entry of summary judgment on their negligence claim.  Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66

2

(1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See e.g.* Civ.R. 56(C).

{¶6} When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121 (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 (1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-252 (1986). On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶7} For their first assignment of error, appellants allege:

{¶8} "The trial court committed prejudicial error in granting defendant's-appellee's, Circle K Store's[,] motion for summary judgment based upon its determination that defendant's-appellee's evidence on the 'open and obvious' defense was stronger than plaintiffs'-appellants' evidence."

3

{¶9} Initially, we note that appellants' first assignment of error suggests the trial court engaged in a weighing exercise in granting appellee summary judgment. A review of the entry, however, demonstrates the trial court's conclusion was premised upon its finding that appellants did not advance sufficient evidence to create an issue for trial on the issue of duty. The court did not find appellee's defense "stronger" than appellants' evidence. Rather, the court determined appellants failed to meet their reciprocal burden under Civ.R. 56. Given this clarification, we shall proceed to consider the propriety of the trial court's conclusion.

{¶10} In order to set forth a claim for negligence, a plaintiff must prove the following elements: (1) a duty of care owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages. *See e.g. Hudspath v. The Cafaro Company*, 11th Dist. No. 2004-A-0073, 2005-Ohio-6911, ¶9. In this case, Meloy was an invitee on appellee's business premises. A business owner owes his or her invitees a duty of reasonable care in maintaining the business premises in a safe condition. *Estate of Mealy v. Sudheendra*, 11th Dist. No. 2003-T-0065, 2004-Ohio-3505, ¶29. This duty does not extend to dangers or obstructions that are so obvious that the invitee may reasonably be expected to discover them and protect herself against their potential danger. *Armstrong v. Best Buy Co.*, *Inc.,* 99 Ohio St.3d 79, 80, 2003-Ohio-2573.

{¶11} The open-and-obvious doctrine is premised upon the legal recognition that one is put on notice of a hazard by virtue of its open and obvious character. *Id.* Where the danger is obvious, an owner may reasonably expect that invitees will discover those hazards and take proper measures to protect themselves. Thus, "[w]hen applicable, the open and obvious doctrine abrogates the duty to warn and completely precludes

4

negligence claims." *Hudspath*, *supra*, citing *Hobart v. Newton Falls*, 11th Dist. No. 2002-T-0122, 2003-Ohio-5004, ¶10.

{¶12} The question of whether a danger is open and obvious is an objective one. *Goode v. Mt. Gillion Baptist Church*, 8th Dist. No. 87876, 2006-Ohio-6936, ¶25. The fact that a plaintiff was unaware of the danger is not dispositive of the issue. *Id.* Hence, a court must consider whether, in light of the specific facts and circumstances of the case, an objective, reasonable person would deem the danger open and obvious. *See Stanfield v. Amvets Post No. 88*, 2d Dist. No. 06CA35, 2007-Ohio-1896, ¶12.

{¶13} Notwithstanding the objective nature of the inquiry, the question of whether a danger is open and obvious is not always a question that can be decided as a matter of law simply because it may be visible. *Furano v. Sunrise Inn of Warren, Inc.*, 11th Dist. No. 2008-T-0132, 2009-Ohio-3150, ¶23, citing *Hudspath*, *supra.* To the contrary, the "attendant circumstances" of a slip and fall may create a material issue of fact regarding whether the danger was open and obvious. *Id.* Attendant circumstances involve all facts relating to the slip and fall, such as "the condition of the sidewalk as a whole, the volume of pedestrian traffic, the visibility of the defect, and whether the accident site was such that one's attention could easily be diverted." *Armstrong v. Meade*, 6th Dist. No. L-06-1322, 2007-Ohio-2820, ¶14. In effect, therefore, attendant circumstances include any distraction that might divert an ordinary person's attention in the same circumstances and consequently reduce the amount of care a reasonable person would exercise. *Hudspath*, *supra,* at ¶19.

{¶14} In this case, appellee's store had multiple window signs and two displays on the walkway traversed by Meloy when she fell. The first, a five feet tall, four feet long

display advertising window washing fluid; the second, a water-softening-salt display that incorporated two adjacent pallets of salt, each of which had a sign advertising the price of the salt. The signs were one-eighth of an inch thick and flexible such that they could be bent at their base and slid under the pallets. After the signs were slid under the pallets, the signs protruded from the displays approximately six inches. Testimony from appellee's manager, as well as pictures depicting the displays, demonstrated that the signs had a tendency to droop both forward toward the walkway and backward onto the display. Given the size of the pallets, appellee's manager estimated customers had approximately three and one-half to four feet of walking space when entering or exiting the store. It is not clear whether this spatial estimation accounted for the signs' six-inch protrusion from the pallets.

{¶15} Appellant, as she left the store, testified she had to share the walkway with other customers who were attempting to enter the store, moving in the opposite direction. Appellant stated she had little room to walk given the placement of the pallets and the oncoming pedestrians. As a result, she testified she moved closer to the display to accommodate the passers-by. Upon doing so, appellant testified she felt a hard snag on her pant leg; she was unable to regain her balance and fell to the ground.

{¶16} Appellant testified she believed her pant leg caught one of the protruding signs because, after the fall, she noticed the sign was pulled from the pallet. Prior to the fall, however, appellant testified she had not noticed the signs at all. Furthermore, in an affidavit, appellant made the following averment: "The danger I am complaining about is not the frontal view of Morton's signs. Rather, it is the combination of three fatal

6

factors: (a) the difficulty of perceiving the signs from the <u>side</u> (b) their tendency to <u>droop</u> over time and (c) the <u>narrow passageway</u> on the sidewalk." (Emphasis sic.)

{¶17} The trial court concluded the protruding signage was an open and obvious hazard to appellee's business invitees. Given the testimony, exhibits, and Meloy's affidavit, however, we maintain the attendant circumstances surrounding the trip and fall are sufficient to create a genuine issue of material fact on the issue of whether the danger at issue was obvious. The sidewalk was narrowed due to the largeness of the pallets and Meloy averred she did not notice the signs from the side because they were only one-eighth of an inch thick and their positioning rendered them not easily perceivable. Appellant underscored she moved closer to the display as she walked to make room for customers attempting to enter the store, yet she still was unable to avoid the danger given the surrounding circumstances.

{¶18} To conclude that the hazard in this case was open and obvious as a matter of law, in light of the foregoing facts, would require this court to weigh the evidence and select among competing, reasonable inferences relating to the character and magnitude of the distractions as well as the other circumstances surrounding the incident; such an exercise, which is completely verboten in the context of summary judgment review, would be tantamount accepting appellee's interpretation of the nature of the danger it created and ignoring the mandate to "resolve all doubts in the non-moving party's favor." *See e.g. Kalan v. Fox*, 187 Ohio App.3d 687, 2010-Ohio-2951, ¶44 (11th Dist.). Although appellee urges us to affirm the trial court's decision, its arguments do not diminish the contrary evidence to the point that "it is so one-sided that [appellee] must prevail as a matter of law." *Anderson, supra*, at 251-252; *see also*

7

*Pierson, supra*. We therefore hold the conflicting evidence and the inferences that can be drawn therefrom create a genuine issue of material fact that cannot be resolved through summary judgment.

{¶19} We acknowledge that appellant may have been able to protect herself from the danger had she been looking at the ground prior to approaching the pallet. This court has emphasized, however, that the law does not impose an obligation on an individual to constantly look down while walking. *Hudspath*, *supra*, at ¶22, citing *Grossnickle v. Germantown*, 3 Ohio St.2d 96 (1965) paragraph two of the syllabus. This is especially so where an individual is justifiably focused on avoiding a potential collision with other individuals who may not be paying attention to her.

{¶20} Viewing the facts most strongly in appellant's favor, we hold the trial court erred in finding the dangerous condition was open and obvious as a matter of law. The attendant circumstances demonstrate that an invitee attempting to negotiate a narrow walkway while attempting to avoid other invitees entering the store would not necessarily discover the protruding signs given the way in which they were situated. We therefore conclude there is a genuine issue of material fact as to whether, in light of the specific circumstances of this case, the danger at issue was open and obvious.

{¶21} Appellants' first assignment of error is sustained.

{¶22} Appellants' remaining assignments of error provide:

{¶23} "[2.] The trial court committed prejudicial error in granting defendant's-appellee's, Circle K Store's, motion for summary judgment based upon its opinion that plaintiffs-appellants had not generated sufficient evidence to 'rebut' defendant's-appellee's assertions.

8

**{¶24}** "[3.] The trial court committed prejudicial error in granting defendant's – appellee's Circle K Store's, motion for summary judgment based upon its opinion that defendant-appellee owed no duty to plaintiffs-appellants because the danger was 'open and obvious' as a matter of law.

**{¶25}** "[4.] The trial court committed prejudicial error in granting defendant's-appellee's Circle K Store's, motion for summary judgment based upon its determination that defendant-appellee owed no duty of care to plaintiffs- because the factual evidence regarding the nature of the danger favored defendant-appellee.

**{¶26}** "[5.] The trial court committed prejudicial error in granting defendant's-appellee's Circle K Store's, motion for summary judgment based upon its determination that defendant-appellee satisfied the 'open and obvious' defense without consideration of the attendant circumstances surrounding plaintiff's-appellant's injury.

**{¶27}** "[6.] The trial court committed prejudicial error in granting defendant's-appellee's, Circle K Store's, motion for summary judgment based on the 'open and obvious' doctrine without considering whether the sidewalk was the only means of egress to the store."

**{¶28}** Each of appellants' remaining five assignments of error raise issues that are either duplicative of the arguments asserted under their first assigned error or assert abstract challenges that need not be addressed due to our disposition of that assigned error. We therefore overrule each of appellants' remaining assignments of error as moot.

{¶29} For the reasons discussed in this opinion, the judgment of the Portage County Court of Common Pleas is reversed and the matter remanded for further proceedings.

COLLEEN MARY O'TOOLE, concurs,

TIMOTHY P. CANNON, P.J., dissents with Dissenting Opinion.

_____

TIMOTHY P. CANNON, P.J., dissenting.

{¶30} Because I would affirm the trial court's ruling that the danger at issue was open and obvious as a matter of law, I respectfully dissent.

{¶31} Open and obvious dangers are neither hidden nor concealed from view. *Bond v. Mathias*, 11th Dist. No. 94-T-5081, 1995 Ohio App. LEXIS 979, *10 (Mar. 17, 1995); *see also Haymond v. B.P. Am.*, 8th Dist. No. 86733, 2006-Ohio-2732, ¶16. The determination of the openness and obviousness of a danger requires a review of the facts and circumstances of the particular case. *Id.* Consequently, the benchmark for the courts is not whether the person saw the object or danger, but whether the object or danger was observable. *Kirksey v. Summit Cty. Parking Deck*, 9th Dist. No. 22755, 2005-Ohio-6742, ¶11. As the majority observes, however, attendant circumstances may create a material issue of fact as to whether the open and obvious doctrine applies.

{¶32} While, as the majority notes, attendant circumstances embrace all distracting aspects of a slip and fall to overcome the obviousness of a hazard, it stands to reason that the circumstances must be sufficiently significant such that a reasonable

10

person would be unable to acknowledge and appreciate the obvious danger about which a business owner would otherwise have no duty to warn. As such, the Tenth Appellate District has commented that "attendant circumstances must be 'so abnormal that it unreasonably increased the normal risk of a harmful result or reduced the degree of care an ordinary person would exercise.'" *Mayle v. Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-541, 2010-Ohio-2774, ¶20, quoting *Cummin v. Image Mart Inc.*, 10th Dist. No. 03AP-1284, 2004-Ohio-2840, ¶10.

{¶33} In this case, the sign at issue was attached to a large pallet of salt. Appellant admitted she passed the pallets, apparently without incident, when she was entering the store. She stated, however, she did not notice the displays or the signs when she entered because she was not "paying attention." Upon exiting, she asserted she tripped because she moved toward the display to avoid other business invitees entering the store.

{¶34} A review of the exhibits demonstrates the signs and pallets were objectively observable. Appellant is not even sure what she tripped over; however, she thinks it must have been the cardboard sign protruding from the salt bag display. Contrary to appellant's protestations, the cardboard sign is anything but invisible. The one-eighth of an inch measurement to which she refers is only accurate under one circumstance: if the sign was hanging straight up and down, and one was approaching on a direct line from the side. There is no evidence that this circumstance was the case. In fact, appellant argues the sign was dangerous because it was probably drooped over. However, this fact certainly does not help appellant's argument; quite the

11

opposite is true. If the sign was drooped over, it would have been hovering above the ground—clearly observable.

{¶35} Moreover, oncoming pedestrian traffic at a convenience store cannot be considered "so abnormal" or significant a circumstance that the risk of harm was unreasonably increased by the nature and situation of the readily observable display. Consequently, I would hold that appellant failed to establish any "attendant circumstances," and the danger at issue was open and obvious as a matter of law therefore rendering any duty to warn unnecessary. While the law is clear that one does not have to constantly look down while walking, it does require one to pay attention to where one is going. If appellant had been paying attention, there would have been no injury.