[Cite as *Paldino v. Johnson*, 2017-Ohio-2727.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| MATTHEW PALDINO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2016-T-0061** |
| ROBERT L. JOHNSON, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2014 CV 01941.

Judgment: Reversed and remanded.

*Charles E. McFarland*, 338 Jackson Road, New Castle, KY 40050 (For Plaintiff-Appellant).

*Devon A. Stanley*, P.O. Box 172, Niles, OH 44446 (For Defendant-Appellee, Robert L. Johnson).

*Cynthia L. Henry*, P.O. Box 4332, Youngstown, OH 44515 (For Defendant-Appellee, Benjamin Joltin).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Matthew Paldino, appeals from the May 20, 2016 judgment of the Trumbull County Court of Common Pleas, denying his motion for summary judgment and granting appellees', Attorneys Robert L. Johnson and Benjamin Joltin,

motions for summary judgment in a legal malpractice case. For the reasons stated, we reverse and remand.

{¶2} On October 21, 2014, Paldino filed a professional tort complaint against Johnson and Joltin for legal malpractice, intentional and negligent misrepresentation, intentional emotional distress, breach of fiduciary duty, and fraud.

{¶3} The claims against Johnson stem from his actions or inactions in *Latimer v. Paldino*, Trumbull County Court of Common Pleas Case No. 2010 CV 01229, in which Johnson represented Paldino. That underlying case alleged damages resulting from cohabitation and false marriage representations. At issue was the value of the real estate at the time Lauren Latimer stopped residing with Paldino as well as the mortgage on the property. The pertinent facts/allegations from that case are as follows: Paldino was sued by Latimer; Paldino retained Johnson for $1,500; Johnson filed an answer to the complaint; Johnson filed a Civ.R. 60(B) motion which was denied by the trial court; Johnson did not see any merit in filing a motion to dismiss or a motion for summary judgment; Johnson averred he gave competent legal representation and did not violate any standard of care; however, Paldino asserted Johnson should have filed a counterclaim for the value of the vehicles, which Latimer retained when she left the property; Paldino further contended and the docket supports the proposition that Johnson filed no Civ.R. 12 motions, did not conduct discovery, did not file a motion for summary judgment, did not prepare him for trial, offered no exhibits, and did not make a closing argument and the docket supports this contention; Paldino also maintains Johnson did not file an objection to the magistrate's March 1, 2012 decision, did not properly communicate with him, made false promises, did not file an appeal, and failed

to inform him that he had been suspended from the practice of law in Ohio on March 4, 2014.

{¶4} The claims against Joltin stem from his actions or inactions in *Latimer v. Paldino*, 11th District Trumbull Appeal Case No. 2014-T-0038, in which Joltin represented Paldino. That case involved an appeal from a denial of a motion for reconsideration filed by Joltin. The pertinent facts/allegations from that case are as follows: Paldino indicates that when Joltin met with him and Johnson on March 14, 2014, Joltin knew Johnson had been suspended from the practice of law and intentionally failed to inform him; Paldino claims Joltin knew that the February 12, 2014 denial of the motion for relief from judgment filed by Johnson was a final appealable order and Joltin failed to inform Paldino of that fact; Joltin filed a motion for reconsideration as co-counsel on March 24, 2014; Joltin promised Paldino he would protect his interest by filing another Civ.R. 60(B) motion on his behalf; Paldino indicates that Joltin did not communicate with him until he sent an email dated March 23, 2014 with an attached motion to reconsider; Paldino states that on March 24, 2014, instead of filing a new Civ.R. 60(B) motion as promised, Joltin filed a motion for reconsideration of the denied motion without any attempts to correct the flaws in the motion; a motion for reconsideration of a final judgment is a nullity and does not extend the time to file an appeal – *see Ventling v. Champion Twp. Bd. of Trustees.*, 11th Dist. Trumbull No. 2013-T-0046, 2013-Ohio-5846, ¶11, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, paragraph one of the syllabus (1981); after the motion for reconsideration was denied, Paldino states that Joltin failed to immediately inform him and that Paldino discovered the denial from checking the docket in late April; Paldino contacted Joltin regarding an

appeal; Joltin requested $650 to handle the appeal; Paldino gave Joltin a check dated April 28, 2014; Joltin filed an appeal but did not file an appellate brief; the appeal was dismissed on August 4, 2014 for failure to prosecute; and Paldino was unaware that the appeal had been dismissed until late August.

{¶5} Service of the complaint at issue was successful on both Johnson and Joltin. On November 13, 2014, Joltin entered an appearance (attorney) on behalf of Johnson (defendant). Joltin filed a "Second Request for Leave to Plead" on December 11, 2014. Leave was granted by the trial court for Johnson and Joltin to move or plead by December 28, 2014. However, Johnson and Joltin failed to move or plead, i.e., failed to timely answer by the deadline.

{¶6} On January 20, 2015, Joltin filed a motion to continue. The next day, Paldino filed an application for default judgment. On January 27, 2015, Joltin filed an answer instanter. On February 26, 2015, the trial court judge recused himself from the case. On March 26, 2015, the matter was transferred to a visiting judge. A certificate of assignment was filed for the visiting judge on April 16, 2015. On April 29, 2015, Joltin filed a request to file an answer instanter. Paldino filed a response on May 11, 2015.

{¶7} On July 31, 2015, Johnson obtained new counsel. On August 10, 2015, Joltin obtained counsel and an opposition to the default judgment was filed. On October 14, 2015, Johnson and Joltin filed notices of filing an expert report of Attorney Curt Bogen.

{¶8} On February 3, 2016, Paldino filed a motion for summary judgment against defendants Johnson and Joltin. Two days later, Joltin filed a motion for summary judgment. Johnson did not file a "standalone" motion captioned as a motion

4

for summary judgment. On March 2, 2016, Paldino filed a response to Joltin's motion. Two days later, Johnson and Joltin filed responses to Paldino's motion. Johnson's pleading indicates that it was brought before the court pursuant to Civ.R. 56 and that he moved the court both to deny Paldino's motion for summary judgment and to issue summary judgment in his favor. On March 21, 2016, Paldino filed a motion to extend the time to file a reply because his attorney was hospitalized. As a result of the hospitalization, the trial date was postponed. Paldino filed a reply on April 19, 2016.

{¶9} On May 20, 2016, the trial court denied Paldino's motion for summary judgment and granted Johnson's and Joltin's motions for summary judgment. Paldino filed a timely appeal and asserts the following three assignments of error:

{¶10} "[1.] The trial court erred in granting Defendant Johnson Summary Judgment.

{¶11} "[2.] The trial court erred in denying Plaintiff Paldino's Motion for Summary [Judgment] against Defendants Johnson and Joltin.

{¶12} "[3.] The trial court erred in granting Defendant Joltin Summary Judgment."

{¶13} Paldino's three assignments of error center around his allegation that the trial court erred in denying his motion for summary judgment and in granting summary judgment in favor of Johnson and Joltin. As Paldino's assignments of error are interrelated, we will address them together.

{¶14} "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 * * * (1993). Summary judgment is proper where (1) there is no genuine issue of

5

material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See, e.g.,* Civ.R. 56(C).

**{¶15}** "When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.,* 64 Ohio St.2d 116, 121 * * * (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 * * * (1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-252 * * * (1986). On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 * * * (1996)." (Parallel citations omitted.) *Meloy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶5-6.

**{¶16}** Regarding Johnson, Paldino maintains the trial court should not have granted summary judgment to him because he did not file a motion for summary judgment. On page one of its May 20, 2016 judgment entry, the trial court specifically stated that the within cause came on for consideration upon the following: (1) Paldino's motion for summary judgment; (2) Joltin's motion for summary judgment; (3) Paldino's

response to Joltin's motion; (4) Johnson's response to Paldino's motion; and (5) Paldino's motion to file instanter his replies to Joltin's and Johnson's responses.

{¶17} The record reveals that Johnson did not file a motion captioned as a motion for summary judgment. A review of page one of the trial court's entry does not list any "motion" for summary judgment filed by Johnson. On page three of its entry, the trial court acknowledged that Johnson did not file a "standalone" motion for summary judgment.

{¶18} However, the court correctly indicated that Johnson set forth his summary judgment arguments in his response in opposition to Paldino's motion, to which Paldino filed a reply. Johnson's response, as established in the record and acknowledged by the trial court, was not filed by the deadline set by the court. Although Paldino objected, the trial court considered Johnson's untimely response as a motion for summary judgment.

{¶19} Although this practice seems questionable and incorrect to Paldino, the trial court followed this court's precedent. On page four of its entry, the trial court stated:

{¶20} "The court notes that [Paldino] has had the opportunity to respond to both motions and therefore, in the interest of judicial economy, the court will consider Johnson and Joltin's motions for summary judgment. *See State ex rel. Widmer v. Mohney*, 11th Dist. Geauga No. 2007-G-2776, 2008-Ohio-1028 ('(I)t is well-settled that a trial court may in its discretion consider a motion for summary judgment that has been filed without express leave of court, after the action has been set for trial.)." *See also Sericola v. Johnson*, 11th Dist. Trumbull No. 2015-T-0091, 2016-Ohio-1164, ¶27.

7

**{¶21}** In addition, we note that cases should be decided upon their merits rather than upon mere technicalities. *Capital One Bank (USA), NA v. Reese,* 11th Dist. Portage No. 2014-P-0034, 2015-Ohio-4023, ¶35, citing *Cero Realty Corp. v. Am. Mfr. Mut. Ins. Co.*, 171 Ohio St. 82, 85 (1960). The interests of justice are not to be confused with the game of "gotcha." *See generally State v. Gilbert,* 8th Dist. Cuyahoga No. 90856, 2009-Ohio-607, ¶18.

**{¶22}** "[A] pleading is judged, not by its title or form alone, but essentially by the subject-matter it contains. If the title is not descriptive of the subject-matter, it is the latter that determines the character of the pleading. Substance prevails over form." *Wagner v. Long*, 133 Ohio St. 41, 47 (1937), overruled on other grounds, *Klein v. Bendix-Westinghouse Automotive Air Break Co.*, 13 Ohio St.2d 85 (1968).

**{¶23}** Accordingly, the trial court considered Johnson's summary judgment arguments contained in his response in opposition to Paldino's motion for summary judgment.

**{¶24}** Furthermore, in support of his position, Johnson argues that Paldino was required to present expert testimony; that there was no causal connection between the damages claimed by Paldino and Johnson's conduct; that Paldino could not prove a calculable loss resulting from any alleged wrongful conduct of Johnson; and that Johnson's conduct was neither negligent nor fraudulent.

**{¶25}** In support of his position, Joltin asserts that there was no genuine issue of material fact; that he was entitled to judgment as a matter of law; and that both he and Johnson submitted the expert report of Attorney Bogen who opined that there was no legal malpractice on the part of either Johnson or Joltin.

8

{¶26} In response to Johnson's and Joltin's contentions, Paldino specifically alleges he met all of the elements of legal malpractice in his motion and that the court denied his motion simply because he did not present any expert witness to establish legal malpractice. Paldino posits that expert witnesses are not required where the malpractice is obvious to a jury or judge. Paldino argues it was inappropriate for Johnson and Joltin to rely on the expert witness report of Attorney Bogen because that report was unsworn at the time the motion for summary judgment was required to be filed and did not address the allegations made in the complaint. Thus, Paldino contends the trial court erred in considering it.

{¶27} In a summary judgment exercise, this court must construe as true all facts alleged by the nonmoving party. *See Meloy, supra,* at ¶5. This court finds that Paldino has shown that the trial court's denial of his motion for summary judgment and the granting of Johnson's and Joltin's motions for summary judgment was not consistent with the facts alleged nor the standards for summary judgment. Because the actions or inactions by the attorneys falls so far below the standard of care on their face, Paldino was not required to provide an expert witness. *See McInnis v. Hyatt Legal Clinics*, 10 Ohio St.3d 112, 113 (1984); *Brown v. Morganstern*, 11th Dist. Trumbull No. 2002-T-0164, 2004-Ohio-2930, ¶37; *Heiland v. Smith*, 9th Dist. Lorain No. 11CA010137, 2013-Ohio-134, ¶11.

{¶28} We note again that Johnson and Joltin filed the expert report of Attorney Bogen on October 14, 2015. Johnson, Joltin, and their expert all espoused that no legal malpractice exists and that the standard of care was met. The record and docket in this case belies this assertion. On March 3, 2016, Attorney Bogen subsequently filed a

9

sworn and notarized "Affidavit in Support of Expert Report," stating the following: (1) that he reviewed the litigation file in these matters; (2) that he reviewed the file for purposes of determining whether or not Johnson and Joltin committed any malpractice; (3) that he prepared a full report following his review, i.e., his expert report attached to his affidavit as an exhibit; (4) that in is his professional opinion, Johnson and Joltin committed no inappropriate activities or malpractice; (5) that he reviewed the court docket and that his expert report appears to be unrefuted; (6) that Paldino was mandatorily required to file an expert report in order to sustain his claims, but failed to do so; (7) he did not accept any remuneration for his services and did not intend to charge either party; and (8) he attached a copy of his expert report to his affidavit believing it to be accurate as to form and fact.

{¶29} Based upon the foregoing, the trial court properly considered Attorney Bogen's expert report and affidavit. However, the trial court's reliance on that report and affidavit, which opined there was no legal malpractice on the part of either attorney and that Paldino was required to file an expert report, belies the record. This matter reveals an extensive disciplinary record as well as Johnson's and Joltin's errors. Based on the facts in this case, and as addressed below, Paldino properly established and construed all facts on his claims.

{¶30} "In order to establish a cause of action for malpractice, a plaintiff must establish a tripartite showing: an attorney-client relationship giving rise to a duty, a breach of that duty, and damages proximately caused by the breach. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, * * *, syllabus, following *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, * * *; see, also, *Holik v. Lafferty,* 11th Dist. No. 2005-A-0005, 2006-Ohio-

10

2652. "'Failure to prove any one of these elements entitles a defendant to summary judgment on a legal malpractice claim.'" *Belknap v. Vigorito*, 11th Dist. No. 2003-T-0147, 2004-Ohio-7232, at ¶15, quoting *Brunstetter v. Keating*, 11th Dist. No. 2002-T-0057, 2003-Ohio-3270, at ¶13; *Sprague v. Simon* (2001), 144 Ohio App.3d 437, 441, * * *. Neither party disputes the existence of an attorney-client relationship between the parties. Thus, we focus on the second and third elements of the *Vahila* test.

{¶31} "This court has held that '(s)ummary judgment in favor of the attorney is appropriate when a plaintiff fails to supply expert testimony on alleged negligence that is "neither within the ordinary knowledge of the layman nor so clear as to constitute negligence as a matter of law.'" *Brunestetter*, at ¶16, quoting *Bloom v. Dieckmann* (1983), 11 Ohio App.3d 202, 203, * * *." (Parallel citations omitted.) *Savage v. Kucharski*, 11th Dist. Lake No. 2005-L-141, 2006-Ohio-5165, ¶30-31.

{¶32} The list of alleged malpractice claims against Johnson and Joltin are set forth in the above statement of facts/procedural history portion of this opinion. Again, the claims against Johnson stem from his actions or inactions in *Latimer v. Paldino*, Trumbull County Court of Common Pleas Case No. 2010 CV 01229, in which Johnson represented Paldino. That underlying case alleged damages resulting from cohabitation and false marriage representations. At issue was the value of the real estate at the time Lauren Latimer stopped residing with Paldino as well as the mortgage on the property. The pertinent facts/allegations from that case are as follows: Paldino was sued by Latimer; Paldino retained Johnson for $1,500; Johnson filed an answer to the complaint; Johnson filed a Civ.R. 60(B) motion which was denied by the trial court; Johnson did not see any merit in filing a motion to dismiss or a motion for summary judgment; Johnson

11

averred he gave competent legal representation and did not violate any standard of care; however, Paldino asserted Johnson should have filed a counterclaim for the value of the vehicles, which Latimer retained when she left the property; Paldino further contended Johnson filed no Civ.R. 12 motions, did not conduct discovery, did not file a motion for summary judgment, did not prepare him for trial, offered no exhibits, and did not make a closing argument, (basic items in one's representation of a client in a civil proceeding – *see, e.g., Parts Pro Automotive Warehouse v. Summers*, 8th Dist. Cuyahoga No. 99574, 2013-Ohio-4795, ¶18, citing *Whitt v. Bennett*, 82 Ohio App.3d 792 (2d Dist.1992)); Paldino also maintains Johnson did not file an objection to the magistrate's March 1, 2012 decision, did not properly communicate with him, made false promises, did not file an appeal, and failed to inform him that he had been suspended from the practice of law in Ohio on March 4, 2014.

{¶33} One of the primary issues in the original complaint by Latimer included equitable interest in real estate property and other assets allegedly jointly accumulated by Paldino and Latimer from 1998 to 2010. Paldino's primary defense was the existence of a mortgage. One of the arguments that Johnson had made was that there was no causal connection between the damages to Paldino and Johnson's wrongful conduct. However, Paldino posits that if Johnson, either at trial, in an objection to the magistrate's decision, or in the Civ.R. 60(B) motion, would have properly prepared, submitted, and informed the court that there was in fact an outstanding balance on a mortgage at the time Latimer left the property, Paldino's liability would have been reduced by some $40,000. These basic motions fall within a reasonable standard of care given the facts at issue. *See* Black's Law Dictionary (10th Ed. 2014), defining

12

"Standard of Care" as: "[i]n the law of negligence, the degree of care that a reasonable person should exercise."

{¶34} The foregoing evidence was critical to Paldino's defense. A lay person knows that the equity in property is the value of the property reduced by what is owed, i.e., the mortgage. Thus, the actions, omissions, and misrepresentations of Johnson constitute a breach of duty to Paldino that is within the ordinary knowledge and experience of the average layman and is not the result of professional judgment. Therefore, malpractice is obvious and an expert is not required to support Paldino's claims. *See McInnis, supra,* at 112; *Brown, supra,* at ¶37; *Heiland, supra,* at ¶11.

{¶35} Regarding Joltin, as stated, the claims against him stem from his actions or inactions in *Latimer v. Paldino*, 11th District Trumbull Appeal Case No. 2014-T-0038, in which Joltin represented Paldino. That case involved an appeal from a denial of a motion for reconsideration filed by Joltin. The pertinent facts/allegations from that case are as follows: Paldino indicates that when Joltin met with him and Johnson on March 14, 2014, Joltin knew Johnson had been suspended from the practice of law and intentionally failed to inform him; Paldino claims Joltin knew that the February 12, 2014 denial of the motion for relief from judgment filed by Johnson was a final appealable order and Joltin failed to inform Paldino of that fact; Joltin filed a motion for reconsideration as co-counsel on March 24, 2014; Joltin promised Paldino he would protect his interest by filing another Civ.R. 60(B) motion on his behalf; Paldino indicates that Joltin did not communicate with him until he sent an email dated March 23, 2014 with an attached motion to reconsider; Paldino states that on March 24, 2014, instead of filing a new Civ.R. 60(B) motion as promised, Joltin filed a motion for reconsideration of

13

the denied motion without any attempts to correct the flaws in the motion and he should have known that a motion for reconsideration of a final judgment is a nullity and does not extend the time to file an appeal; after the motion for reconsideration was denied, Paldino states that Joltin failed to immediately inform him and that Paldino discovered the denial from checking the docket in late April; Paldino contacted Joltin regarding an appeal; Joltin requested $650 to handle the appeal; Paldino gave Joltin a check dated April 28, 2014; Joltin filed an appeal but did not file an appellate brief; the appeal was dismissed on August 4, 2014 for failure to prosecute; and Paldino was unaware that the appeal had been dismissed until late August.

**{¶36}** The record reveals that Johnson had previously filed a Civ.R. 60(B) motion to vacate without submitting any supporting documents. The denial of Johnson's motion was a final appealable order. Joltin subsequently filed a motion to reconsider the denial. Paldino correctly points out that a motion for reconsideration filed after final judgment is a legal nullity. *Ventling, supra,* at ¶11, citing *Pitts*, *supra,* at paragraph one of the syllabus (1981). Thus, an order on such a motion is void.

**{¶37}** In his appellate brief, Paldino stresses: "Joltin, therefore, represented to Paldino that he was attempting to correct the errors of Johnson, when he was actually wasting Paldino's time and money. The problem was further exacerbated when Joltin filed an appeal on the denial of the Motion for Reconsideration. As a matter of law, the appeal was destined to be dismissed, because it was an appeal of a void order. Joltin, however, charged Paldino $650.00 for an appeal that he knew, or should have known was not going to win. The actions of Joltin were obvious, as a matter of law." (Appellant's Brief p. 13).

14

{¶38} As a motion for reconsideration of a final appealable order is a legal nullity, it should have been obvious to the trial court that Joltin's actions constituted malpractice. *See Heiland, supra,* at ¶11. Since malpractice is obvious, an expert is not required to support Paldino's claims. *See McInnis, supra,* at 113; *Brown, supra,* at ¶37; *Heiland, supra*, at ¶11.

{¶39} Notwithstanding the foregoing, the trial court determined that because Paldino was represented by two different attorneys, Johnson and Joltin, he was required to present an expert to support his malpractice claims. In support, the trial court relied on *Yates v. Brown*, 185 Ohio App.3d 742, 2010-Ohio-35 (9th Dist.). In *Yates*, the Ninth District held: "[w]hen multiple attorneys were involved in the underlying representation, and when the plaintiffs have alleged negligent representation by more than one attorney, the trial court [does] not err by concluding that expert testimony [is] necessary to establish a prima facie case of legal malpractice in regard to an individual attorney." *Id.* at ¶24. In *Yates*, the party filing the malpractice action had hired two attorneys during the course of divorce proceedings. The Ninth District concluded that because there were two attorneys, there was a need for an expert "under these circumstances to determining causation and either parsing or eliminating liability." *Id.* The same is not true under the circumstances in Paldino's case. Again, Johnson was the sole cause of damages related to the *Latimer* common pleas case and Joltin was the sole cause of damages related to the *Latimer* appeal. As such, the trial court's reliance on *Yates* is misplaced.

{¶40} Based on the facts presented, since malpractice is obvious, an expert is not required to support Paldino's claims. *See McInnis, supra,* at 113; *Brown, supra,* at

15

¶37; *Heiland, supra,* at ¶11. The trial court erred in denying Paldino's motion for summary judgment and granting summary judgment in favor of Johnson and Joltin.

{¶41} Paldino's first, second, and third assignments of error are with merit.

{¶42} For the foregoing reasons, appellant's assignments of error are well-taken. The judgment of the Trumbull County Court of Common Pleas is reversed and remanded. On remand, the trial court is to review the summary judgment motions without the requirement of a legal expert witness and hold further proceedings consistent with this opinion on the issue of damages.

DIANE V. GRENDELL, J., concurs,

CYNTHIA WESTCOTT RICE, P.J., concurs in judgment only.

16