[Cite as *State ex rel. Paldino v. Gibson*, 2021-Ohio-238.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. MATTHEW PALDINO, | : | **O P I N I O N** |
| Relator, | : | |
| - vs - | : | **CASE NO. 2020-T-0034** |
| HONORABLE JOSEPH GIBSON, | : | |
| Respondent. | : | |

Original Action for Writ of Mandamus, Prohibition and Procedendo.

Judgment:  Petition dismissed.

*Charles E. McFarland,* 338 Jackson Road, New Castle, Kentucky 40050 (For Relator).

*Dennis Watkins,* Trumbull County Prosecutor, and *William J. Danso,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, Ohio 44481-1092 (For Respondent).

THOMAS R. WRIGHT, J.

{¶1}    Respondent, Judge Joseph Gibson, visiting judge for the Trumbull County Court of Common Pleas, moves to dismiss the petition for writs of mandamus, prohibition, and procedendo filed by relator, Matthew Paldino.  We dismiss.

{¶2}    This original action stems from a legal malpractice lawsuit filed by Paldino against his former attorneys, Robert L. Johnson and Benjamin Joltin.  Judge Gibson was assigned to preside over Paldino's case and, in May of 2016, granted summary judgment

in Johnson and Joltin's favor and dismissed Paldino's complaint. In rendering his decision, Gibson found that Paldino failed to present an expert to substantiate his malpractice claims and defeat summary judgment.

{¶3} Paldino appealed, and this court reversed and remanded. *Paldino v. Johnson*, 11th Dist. Trumbull No. 2016-T-0061, 2017-Ohio-2727, ¶ 34. The directive of our opinion, however, is arguably unclear. At one point, the opinion notes that Paldino "properly established and construed all facts on his claims." *Id*. at ¶ 29. We also held that the trial court's requirement that Paldino needed an expert was erroneous, explaining:

{¶4} "A lay person knows that the equity in property is the value of the property reduced by what is owed, i.e., the mortgage. Thus, the actions, omissions, and misrepresentations of Johnson constitute a breach of duty to Paldino that is within the ordinary knowledge and experience of the average layman and is not the result of professional judgment. Therefore, malpractice is obvious[,] and an expert is not required to support Paldino's claims." *Id.* at ¶ 34.

{¶5} Despite the conclusion that Paldino "properly established * * * all facts on his claims" and that he did not need an expert, this court did *not* direct the trial court to enter judgment in Paldino's favor on liability. Instead, the last paragraph of this court's opinion and corresponding judgment entry direct the trial court to address the competing motions for summary judgment anew, stating:

{¶6} "On remand, the trial court is to *review* the summary judgment motions without the requirement of a legal expert witness and hold further proceedings consistent with this opinion on the issue of damages." (Emphasis added.) *Id.* at ¶ 42.

2

{¶7} Thereafter on remand, Paldino secured default judgment against Joltin with damages held in abeyance. As for Paldino's claims against Johnson, the trial court denied Paldino's motion for summary judgment in September 2019 and Paldino's motion for reconsideration in June 2020. The trial court found in part that "[a]lthough the 11th District has determined that no expert is necessary to prove malpractice, nonetheless the existence of [defendant's] expert report creates a genuine issue of material fact which requires that this case proceed to a finder of fact for resolution." Thus, the court set the case for trial, prompting Paldino to file the instant original action.

{¶8} Paldino asks us to issue orders preventing Judge Gibson from exercising further jurisdiction over the malpractice case, arguing that this court has already determined liability and that Johnson's malpractice was obvious. Paldino also asks us to order Gibson to grant summary judgment as to liability and damages in Paldino's favor against Johnson, consistent with our prior opinion and the law of the case doctrine. He claims Gibson lacks jurisdiction to alter or review this court's prior mandate.

{¶9} A writ of prohibition is an extraordinary remedy that should not be routinely granted. *State ex rel. The Leatherworks Partnership v. Stuard*, 11th Dist. Trumbull No. 2002-T-0017, 2002-Ohio-6477, ¶ 15. And "the purpose of a writ of prohibition is to stop an inferior court or judicial officer from acting beyond the scope of their jurisdiction." *Id.*, citing *State ex rel. Tubbs Jones v. Suster,* 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998). To secure a writ of prohibition, a relator must show that "(1) a lower court or officer is about to exercise judicial or quasi-judicial power; (2) the exercise of that power is clearly not authorized by law; and (3) a denial of the writ would cause an injury for which no adequate legal remedy exists." *Id.* at ¶ 15.

3

{¶10} A writ of procedendo is an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *State ex rel. Sponaugle v. Hein*, 2017-Ohio-1210, 87 N.E.3d 722, ¶ 12 (2d Dist.), *aff'd*, 153 Ohio St.3d 560, 2018-Ohio-3155, 108 N.E.3d 1089. The writ tells the lower court to rule on a motion, not how to rule. *Id.*

{¶11} "Writs of mandamus and procedendo are appropriate to require lower courts to comply with and not proceed contrary to the mandate of a superior court. *Berthelot v. Dezso* (1999), 86 Ohio St.3d 257, 259, 714 N.E.2d 888 (mandamus and prohibition); *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna* (1995), 73 Ohio St.3d 180, 185, 652 N.E.2d 742 (procedendo)." *State ex rel. Non-Employees of Chateau Estate Resident Assn. v. Kessler*, 107 Ohio St.3d 197, 2005-Ohio-6182, 837 N.E.2d 778, ¶ 14.

{¶12} "To be entitled to a writ of mandamus or procedendo, [Paldino] must establish that (1) he has a clear legal right to the relief requested, (2) Judge [Gibson] is under a clear legal duty to perform the requested acts, and (3) [Paldino] has no plain and adequate remedy in the ordinary course of the law." *State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, 123 N.E.3d 1011, ¶ 7; *see State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 34, 656 N.E.2d 332 (1995).

{¶13} Gibson moves to dismiss Paldino's petition, arguing it fails to state a claim upon which relief can be granted. Civ.R. 12(B)(6). A Civ.R. 12(B)(6) motion to dismiss must be based solely on the factual assertions set forth in the complaint. *State ex rel. Lemons v. Kontos*, 11th Dist. Trumbull No. 2009-T-0053, 2009-Ohio-6518, ¶ 6.

{¶14} "'In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all

4

reasonable inferences in favor of the non-moving party. * * * Then, before we may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts warranting a recovery. * * * Unsupported *conclusions* * * * are not sufficient to withstand such a motion.' (Emphasis sic.) (Citations omitted.) *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192-93, 532 N.E.2d 753 (1988)." *Wilk v. Discover Bank*, 2019-Ohio-3842, 144 N.E.3d 1023, ¶ 6 (11th Dist.).

{¶15} However, a court can also take judicial notice "of the rules of the supreme court of this state and of the decisional, constitutional, and public statutory law of this state." Civ.R. 44.1(A)(1).

{¶16} As stated, Paldino's petition for writs of mandamus, prohibition, and procedendo seeks an order prohibiting Gibson from presiding over his legal malpractice suit and from ruling on the issue of malpractice that Paldino claims was already ruled on by this court on appeal. He claims Gibson lacks jurisdiction to proceed to address liability, which we already ruled on, based on the law of the case doctrine. *See State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633, ¶ 32 (the Ohio Constitution does not grant an inferior court of common pleas jurisdiction to review a prior mandate of a court of appeals). Paldino also contends that the trial court's lack of jurisdiction to readdress liability is patent and unambiguous. We disagree.

{¶17} For each relief Paldino requests, i.e., mandamus, prohibition, and procedendo, access to an adequate legal remedy via a direct appeal ordinarily bars the extraordinary relief of an original action. *State ex rel. White v. Woods*, 156 Ohio St.3d 562, 2019-Ohio-1893, 130 N.E.3d 271, ¶8. An appeal from the judgment concluding the case constitutes an adequate legal remedy barring issuance of a writ of prohibition.

5

*Hughes v. Calabrese*, 95 Ohio St.3d 334, 2002-Ohio-2217, 767 N.E.2d 725, ¶14, 16; *State ex rel. Edwards v. Tompkins*, 5th Dist. Muskingum No. CT2010-0035, 2011-Ohio-32, ¶ 9, 14 (holding that a prohibition will not lie because a direct appeal of the final judgment in the case constitutes an adequate legal remedy).

{¶18} An exception to this rule allows an original action seeking an extraordinary writ to proceed when the court/judge's lack of judicial authority to act is patent and unambiguous. *Suster, supra,* at 74.

{¶19} "'[T]he absence of an adequate legal remedy is *not necessary when the lack of judicial authority to act is patent and unambiguous*; i.e., if the lack of jurisdiction is clear, the writ will lie upon proof of the first two elements only. * * * However, if the lack of jurisdiction is not patent and unambiguous, the fact that a party can appeal a lower court's decision bars the issuance of the writ because, when a court has general jurisdiction over the subject matter of a case, it has the inherent authority to decide whether that jurisdiction has been properly invoked in a specific instance. * * *' (Citations omitted). *State ex rel. Godale v. Geauga Cty. Ct. of Common Pleas*, 166 Ohio App.3d 851, 853 N.E.2d 708, 2006-Ohio-2500, at ¶ 6." (Emphasis added.) *State ex rel. Jurczenko v. Lake Cty. Court of Common Pleas*, 11th Dist. Lake No. 2009-L-178, 2010-Ohio-3252, ¶ 26.

{¶20} "'[I]f there are no set of facts under which a trial court or judge could have jurisdiction over a particular case, the alleged jurisdictional defect will always be considered patent and unambiguous. On the other hand, if the court or judge generally has subject matter jurisdiction over the type of case in question and his authority to hear that specific action will depend on the specific facts before him, the jurisdictional defect is

not obvious and the court/judge should be allowed to decide the jurisdictional issue.'" *State ex rel. Huntington Natl. Bank v. Kontos*, 11th Dist. Trumbull No. 2013-T-0089, 2014-Ohio-1374, ¶ 12, *aff'd*, 145 Ohio St.3d 102, 2015-Ohio-5190, 47 N.E.3d 133, quoting *Leatherworks Partnership, supra,* at ¶ 19.

{¶21} Contrary to Paldino's argument, however, our directive on remand does not establish that Gibson patently and unambiguous lacks judicial authority to decide liability and other issues on remand. *See Paldino* at ¶ 42.

{¶22} Thus, upon construing Paldino's allegations in a manner most favorable to him, he fails to state a claim upon which the relief can be granted. *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 181, 699 N.E.2d 64 (1998). Accordingly, we grant Gibson's motion to dismiss. Civ.R. 12(B)(6).

{¶23} Paldino's petition for writs of prohibition, mandamus and procedendo is dismissed.


MARY JANE TRAPP, P.J., concurs,

TIMOTHY P. CANNON, J., concurs in judgment only.