[Cite as *Jones v. Doherty*, 2024-Ohio-2958.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

MARY ELIZABETH JONES,

Relator,

- vs -

JUDGE BECKY DOHERTY,

Respondent.

**CASE NO. 2024-P-0033**

Original Action for
Writ of Mandamus

---

**P E R   C U R I A M**
**O P I N I O N**

Decided: August 5, 2024
Judgment: Petition dismissed

---

*Mary Elizabeth Jones*, P.O. Box 5, Aurora, OH 44202 (Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1} Respondent, Judge Becky Doherty, moves to dismiss the petition and amended petition for a writ of mandamus filed by relator, Mary Elizabeth Jones. We dismiss.

{¶2} This original action stems from a lawsuit filed by Jones against John Russell and Match Group, Inc. in the Portage County Court of Common Pleas, Case No. 2022 CV 00584, over which Judge Doherty presides. In that case, in 2022, Judge Doherty issued an entry holding that Jones' "claims against Match Group, Inc. are subject to mandatory arbitration. The Court therefore dismisses Plaintiff's claims against Defendant

Match Group Inc. pursuant to Civ.R. 12(B)(1) for lack of subject matter jurisdiction." Thereafter, the court granted judgment in favor of Jones against Russell in the amount of $1,000.00.

{¶3}    Jones appealed, and this court affirmed the judgment against Russell, reversed the dismissal of the claims against Match Group, and remanded the case to the trial court for further proceedings consistent with the opinion. *Jones v. Russell*, 2024-Ohio-1857 (11th Dist.).

{¶4}    On remand, Judge Doherty issued a judgment staying Case No. 2022 CV 00584 pending arbitration.

{¶5}    On May 24, 2024, Jones filed the present action for a writ of mandamus. In her petition, as amended, Jones maintains that, on remand in Case No. 2022 CV 00584, Judge Doherty failed to abide by this court's mandate.

{¶6}    On June 26, 2024, Judge Doherty moved to dismiss Jones' petition, arguing that it fails to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).

{¶7}    "'A Civ.R. 12(B)(6) motion to dismiss must be based solely on the factual assertions set forth in the complaint.'" *State ex rel. Paldino v. Gibson*, 2021-Ohio-238, ¶ 13 (11th Dist.), quoting *State ex rel. Lemons v. Kontos*, 2009-Ohio-6518, ¶ 6 (11th Dist.).

> "'In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. . . . Then, before we may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts warranting a recovery. . . . Unsupported *conclusions* . . . are not sufficient to withstand such a motion.'"

(Emphasis in original.) *Paldino* at ¶ 14, quoting *Wilk v. Discover Bank*, 2019-Ohio-3842, ¶ 6 (11th Dist.), quoting *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192-93 (1988).

2

Case No. 2024-P-0033

"When entertaining a motion to dismiss a writ complaint, a court may take notice of the docket and record in a closely related case to determine whether the current complaint states a claim for relief." *State ex rel. Neguse v. McIntosh*, 2020-Ohio-3533, ¶ 18.

{¶8} Thus, to survive the motion to dismiss, Jones' petition, as amended, when viewed in conjunction with the record of the trial court case, must state a claim for a writ of mandamus upon which this court may grant the requested relief. "'To be entitled to a writ of mandamus . . . [Jones] must establish that (1) [s]he has a clear legal right to the relief requested, (2) Judge [Doherty] is under a clear legal duty to perform the requested acts, and (3) [Jones] has no plain and adequate remedy in the ordinary course of the law.'" *Paldino* at ¶ 12, quoting *State ex rel. Daniels v. Russo*, 2018-Ohio-5194, ¶ 7. A writ of mandamus is appropriately issued to compel a trial court to comply with the mandate of an appellate court. *Paldino* at ¶ 11.

{¶9} In her amended petition, Jones maintains that Judge Doherty failed to comply with our mandate in *Jones*, 2024-Ohio-1857 (11th Dist.) because, on remand, Judge Doherty issued a stay pending arbitration and failed to enter monetary judgment against Match Group on Jones' claims.

{¶10} However, Jones misconstrues our mandate, which ordered the trial court to proceed in a manner consistent with our opinion. In the opinion, we reversed *the dismissal* of the claims against Match Group based on Jones' second assigned error, in which she argued:

> The trial court erred and made a prejudicial error in originally dismissing the action against the appellee Match Group as they had already made an admission of liability in their motion filed on 10/31/2022, no contract and/or terms and conditions can be legally enforced that contains fraud or misleading statements, not honoring Ohio Consumer Protection laws,

3

and most importantly, appellee Match Group never requested or provided discovery going on two years without discovery, what can the appellee Match Group possibly argue at this point? It's only "assumptions and other people case laws that has nothing to do with this personal injury lawsuit[.]"

*Jones* at ¶ 19. This court also addressed Match Group's cross-assignments of error, including that "[a]n [a]rbitrator must decide the arbitrability of the dispute." *Id.* at ¶ 20.

{¶11} In our discussion, we noted for clarity that, in its motion filed in the trial court, "Match Group first sought *dismissal* on the basis of the arbitration provisions contained in the [terms of use], then sought *dismissal* on several other bases, and, *if the court did not dismiss* for any of the bases set forth therein, Match Group *alternatively requested a stay pending arbitration.*" (Emphasis in original.) *Jones* at ¶ 21.

{¶12} Upon review of the second assigned error, this court held that Jones' assignment had merit "to the extent that the trial court erred in determining that it lacked subject matter jurisdiction over her claims against Match Group." *Id.* at ¶ 28. We then concluded that Match Group's cross-assignments of error advanced in "support of affirming the trial court's *dismissal* of the claims against it on alternative bases," were not well-taken. (Emphasis in original.) *Id.* at ¶ 29, 42. In our discussion, we specifically noted:

> We review the cross-assignments of error mindful that again, despite captioning its motion as a "Motion to Compel Arbitration and Alternative Motion to Dismiss," Match Group first sought *dismissal* of all claims against it on the basis of the arbitration provisions. Match Group then provided several other bases for dismissal of the claims. Match Group *did not seek a stay pending arbitration unless its motion for dismissal was overruled.* As the trial court dismissed the claims, the propriety of a stay pending arbitration is not before us, and we review only whether the remaining bases for blanket dismissal of the claims was warranted.

4

Case No. 2024-P-0033

(Emphasis in original.) *Id.* at ¶ 30. Then, again, at the conclusion of our opinion, this court stated, "We reiterate that we take no position on the propriety of a stay pending arbitration with respect to the claims against Match Group. The request for a stay remains pending for the trial court to decide in the first instance." *Id.* at ¶ 42. We reversed the trial court's dismissal of the claims against Match Group and remanded the matter to the trial court for further proceedings consistent with our opinion. *Id.* at ¶ 42.

{¶13} Nowhere within our judgment and opinion in the aforementioned appeal did this court preclude the trial court from issuing a stay pending arbitration; to the contrary, as set forth above, we specifically noted that Match Group's request for a stay pending arbitration remained pending for the trial court to decide in the first instance. Further, nowhere in our judgment and opinion did this court instruct the trial court to enter judgment against Match Group. Instead, as discussed, we repeatedly emphasized that we addressed only whether *dismissal* of the claims against Match Group was appropriate.

{¶14} Accordingly, Jones' petition, as amended, for a writ of mandamus fails on its face, as Jones has no clear legal right to the relief she has requested, and Judge Doherty was under no clear legal duty to perform the requested acts.

{¶15} Moreover, as we referenced in a footnote in *Jones*, an "order granting or denying *a stay* pending arbitration is a final, appealable order." (Emphasis added.) *Id.,* 2024-Ohio-1857, at ¶ 5, fn. 1 (11th Dist.), citing R.C. 2711.02(C). Accordingly, Jones had an alternative remedy in the ordinary course of law insofar as she challenges the propriety of the order staying the claims against Match Group pending arbitration.

5

{¶16} Based on the foregoing, Judge Doherty's motion to dismiss is granted. Jones' petition, as amended, for a writ of mandamus is dismissed.


EUGENE A. LUCCI, P.J., MARY JANE TRAPP, J., MATT LYNCH, J., concur.

Case No. 2024-P-0033